Commonwealth of Pennsylvania, Department of Revenue, Bureau of Corporation Taxes, Petitioner *v.* Gust A. Marros and Kathryn G. Marros, Husband and Wife, and West York Inn, Inc. and Joseph Morello, Respondents.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Robert Patrick Coyne,* Deputy Attorney General, with him *Vincent J. Dopko,* Deputy Attorney General, for petitioner.

*W. Bruce Wallace, Stock and Leader,* for respondents, Gust A. and Kathryn G. Marros.

*Victor Dell'Alba,* for respondent, Joseph Morello.

OPINION BY JUDGE MACPHAIL, July 1, 1981:

Before us in this appeal is the very narrow issue of whether purchasers of more than 51% of a corporation's assets who fail to secure a bulk sale clearance certificate as provided for in Section 1403 of The Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1403 may contest the accuracy of a corporate net income tax assessment made by the Department of Revenue (Department) against the corporation in a suit in assumpsit by the Department for the collection of the tax.

Factually, it appears from the pleadings that Mr. and Mrs. Marros (Marroses) purchased the real estate of West York Inn, Inc. on March 23, 1970. The real estate constituted more than 51% of the corporation's assets. At the time of the conveyance, corporate net income taxes due the Commonwealth of Pennsylvania for the year 1968 had been settled and taxes for the years 1969 and 1970 were owed by the corporation but not settled until 1974. On June 25, 1979, the Department filed a complaint against Marroses in the Court of Common Pleas of York County for the collection of the unpaid taxes. Marroses admit that they have not complied with Section 1403 of the Code and they do not contest the tax assessments for the years 1968 and 1969. With respect to the 1970 taxes, however, Marroses contend that the Department erred because it did not base its tax computation on the United States Corporation Income Tax Return filed by West York Inn, Inc.[1]

---

[1] The Federal tax return shows a loss of $955.56. The Department claims the sum of $2,102.11 in corporate net income taxes is due.

All of the recited facts appear in the complaint and answer containing new matter. The Department has filed preliminary objections to the answer and new matter raising the question of jurisdiction of the Court of Common Pleas of York County, the standing of the Marroses to attack the tax assessment and setting forth a demurrer. The trial court sustained the preliminary objection raising the subject matter jurisdiction of that court to determine the amount of tax due but overruled the Department's preliminary objections in all other respects. The trial court then stayed the proceedings until the Marroses "have been given a meaningful opportunity to contest the amount of taxes due." In its opinion in support of its order, the trial court held that the Department cannot seek to collect taxes against a third party without giving that party an opportunity to be heard *on the amount due.* To hold otherwise, the court maintained, would violate Marroses' constitutional right to due process of law.

This Court has allowed the Department's appeal from that interlocutory order on the basis of a certification from the trial court that its order involves a controlling question of law. 42 Pa. C. S. §702(b); Pa. R.A.P. 1311(b).

Section 1403 of the Code specifically provides that where there is a "bulk sale" of a corporation's assets, the purchaser must require the seller to present a certificate from the Department showing that all State taxes have been paid to and including the date of transfer and that the failure of the purchaser to require such a certificate "shall render such purchaser liable to the Commonwealth for the unpaid taxes owing by the seller. . . ." Nothing in Section 1403 requires the Department to give any notice to the purchasers concerning taxes which are due and owing by the seller.

As noted in the trial court's opinion, there are no Pennsylvania cases which discuss the issue raised in this appeal. Cases from other jurisdictions cited in the Department's brief are helpful but, of course, not controlling. Marroses' position is that their due process rights will be violated if they are not given the opportunity to contest the amount of the tax due because they will then be deprived of property without the opportunity to be heard. *Fuentes v. Shevin,* 407 U.S. 67 (1972) and *Bell v. Burson,* 402 U.S. 535 (1971). There is an exception to that general rule, however. Where an important governmental interest such as collecting revenue exists, private property rights must yield to governmental needs. *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589 (1931) and *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979). In *Phillips,* the Federal government assessed against a shareholder taxes due the government from a corporation which went through dissolution proceedings and distributed its assets among its shareholders. The United States Supreme Court held that there was no denial of due process in such a proceeding if there is adequate opportunity provided for the ultimate judicial determination of liability.

In the instant case, the Marroses do not deny liability, rather they seek to challenge the correctness of the assessment. The Code sets forth procedures whereby taxpayers may appeal from assessments made by the Department. Marroses argue, however, that they were not the taxpayer at the time the assessment was made and notice thereof was given. They insist that there is some duty upon the Department to search *them* out in order that they may take advantage of the rights afforded to taxpayers under the Code. Their complaint is that they did not know until 1979 about taxes due in 1970.

Marroses, like all other Pennsylvania citizens, are presumed to know the law. 14 P.L.E. *Evidence* §26 (1959). Had they followed the provisions of Section 1403 of the Code, they would have known about the taxes and they would have had the opportunity to contest the assessment thereof. As set forth in *Commonwealth v. Socony-Vacuum Oil Co., Inc.*, 347 Pa. 410, 416, 32 A.2d 631, 633 (1943), "the object of [the statute] . . . is obviously to prevent a corporation owing taxes to the Commonwealth from denuding itself of its assets without first making payment of such taxes or without such payment being made by the purchaser of its assets."

Being well satisfied that had Marroses acted in accord with the provisions of the law, they would have had an adequate opportunity to have a judicial determination of the amount of taxes due, we must now address the question of whether their lack of diligence in that respect deprives them of the opportunity to raise that issue at this stage of the proceedings. We think that it does. A decision to hold otherwise would, for all practical purposes, render ineffective the collection procedures provided for in Section 1403. The duty imposed by Section 1403 upon the purchasers of corporate assets is not overly burdensome. The timely discharge of that duty would have assured the purchasers here that all taxes were paid or, if they were not paid, would have notified the purchasers of the amount thereof alleged to be due. As we have previously stated, that knowledge would then enable the purchaser to contest the amount of tax alleged to be due if it was felt that the assessment was erroneous. Having had that opportunity and having failed to exercise it, the Marroses cannot now complain that their constitutional rights have been infringed upon.

Accordingly, we will reverse that part of the order appealed from which overruled the preliminary objections of the Department,

ORDER

AND Now, this 1st day of July, 1981, that part of the order of the Court of Common Pleas of York County, dated September 18, 1979, which overruled the preliminary objections of the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Corporation Taxes is reversed. The case is remanded for further proceedings consistent with the foregoing opinion.