School District of Pittsburgh, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *Robert J. Stefanko,* Solicitor, for petitioner.

*Elisabeth S. Shuster,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 2, 1981:

The Department of Education (Department) has filed preliminary objections to a suit in mandamus by the School District of Pittsburgh (District) which seeks to compel the Department to process the District's application for two million dollars in reimbursement which the District claims is due it under the provisions of Sections 2574 and 2575.1 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§25-2574 and 25-2575.1 for the construction of a permanent addition to one of its schools. The Department contends that we have no jurisdiction and that the District's petition fails to state a cause of action.

From the well pleaded facts in the petition for review we learn that on February 21, 1974 the District filed an application with the Department for reimbursement for construction of an addition to Herron Hill Junior High School. In response thereto, the Department sent two letters to the District, the first of which notified the District that clearance *could not be given* until justification was provided that the construction would alleviate racial isolation in the Dis-

trict. The second letter dated June 26, 1975 advised the District that the application would be *processed* as soon as the "equal education opportunities" information had been submitted. Nothing further transpired until the District sent a letter to the Department dated December 17, 1980 stating that it had submitted the Equal Education Opportunities information and now wished to have the application processed. On January 31, 1981 the Department informed the District that it could not process the application because (a) the District had "continued with and completed the project" without the Department's approval, (b) no appraisal was conducted under Section 2574(c)(2) of the Code immediately prior to the new construction and (c) other required approvals were not processed or issued. The District then commenced this action in mandamus alleging that by reason of the Department's failure to process the District's application the District had not received two million dollars in reimbursement that it anticipated to partially off-set the six million dollars of construction costs it had incurred.

It is well settled that for the District to succeed in mandamus it must appear that it has a clear legal right to the performance of a ministerial action by the Department and that the Department had a corresponding mandatory duty to perform that action. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972). Moreover there must be no other appropriate and adequate remedy. *Id.*

In its first preliminary objection the Department contends that the District had the right to an administrative appeal from the Department's letter dated January 31, 1981 which refused to process the District's application. Inasmuch as the complete contents of that letter are not available to us from the petition,

we are unable to say as a matter of law that the letter constituted an adjudication within the language of *Callahan v. Pennsylvania State Police,* Pa. , 431 A.2d 946 (1981). Accordingly, we must overrule the preliminary objection challenging our jurisdiction.

Concerning the District's alleged failure to state a cause of action, the Department contends that the District's failure to submit the requested information regarding racial balancing before the new construction was completed, bars the District's right to reimbursement. The Department contends that the reimbursement formula set forth in §2574 of the Code is hinged upon the appraised value of the existing building and that the statute mandates that that appraised value shall be obtained "immediately *before* the additions or alterations are begun." (Emphasis added.) The Department argues that it cannot now implement the statutory formula by reason of that defect and urges us to conclude that the District has not set forth in its petition a clear legal right to the reimbursement it seeks.

The District says it was misled by the Department's communications in 1975 and that the appraisal problem is as much the fault of the Department as it is of the District. The District is presumed to know the law and especially the provisions of the Code. While it would be possible, but not very likely, that one might interpret the Department's communications in 1975 in the manner in which the District has done so, there can be no misunderstanding about the provisions in the Code regarding the appraisal procedures which must be satisfied before an application for reimbursement can be processed by the Department.

In short, assuming all of the allegations in the complaint to be true, the District has not stated a cause of action which demonstrates a clear right to mandamus relief; moreover we are of the opinion that it cannot

do so. Accordingly, we will sustain the Department's preliminary objection in the nature of a demurrer.

### ORDER

AND Now, this 2nd day of December, 1981 the preliminary objection of the Department of Education in the nature of a demurrer is sustained and the petition is dismissed.