532 A.2d 1284

Darrell J. Zeller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 4, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Darrell J. Zeller,* petitioner, for himself.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 6, 1987:

This is an appeal by Darrell J. Zeller (Claimant) from an order of the Unemployment Compensation Board of Review (Board), which denied Claimant's request for the issuance of checks under Section 408 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §808 (limitation on the validity of claims). We affirm.

The referee found that in April 1983, Claimant filed for Unemployment Compensation benefits. Three checks were issued to him dated April 15, 1983, April 22, 1983 and April 28, 1983.[1] Each check was in the amount of $213.

---

[1] These three checks were among others in a series. All other checks in the series were cashed promptly.

For personal reasons, Claimant chose not to deposit or cash these checks until March 18, 1986, three years after they were issued. He then requested the three checks be reissued by the Office of Employment Security (OES). The OES denied Claimant's request. Based on these facts, the referee and the Board affirmed the decision and Claimant petitions this Court for review.

On appeal, our scope of review is limited to determining whether there was a constitutional violation or an error of law, and whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Claimant contends that Section 408 does not bar him from obtaining reissuance of an unemployment check and that it was not the legislature's intent to allow the Board to avoid the reissuing of a check.[2] Howevermuch we regret the loss of these benefits to Claimant the law requires us to affirm the Board. Section 408 of the law states:

Final payment of compensation claimed under the provisions of this act shall not be made more than two years from the last day of the week for which compensation is claimed if such final payment has not been made within such two-year period because the claimant (1) is reported by the postal authorities as 'unknown' at the last address which the employe has given to the department, (2) has failed to properly notify the department that he has not received the compensation claimed, (3) *has failed to have pre-*

---

[2] Claimant asserts that it was not the legislature's intent to deprive those who had previously been issued benefit checks, and that those who had previously been issued such checks should have the right to demand new or reissued replacement checks indefinitely.

*sented to the State Treasurer for final payment a check received in payment of the compensation claimed,* or (4) has failed to properly request the re-issuance of a check which has become lost or destroyed or the validity date of which has expired: Provided, That one year has elapsed from the date the check was issued or, if no check has been issued, from the last date that the claimant requested payment. The provisions of this section shall also apply to the endorser of any check issued in payment of compensation under the provisions of this act.

43 P.S. §808 (emphasis added).

The language is clear and firmly supports the decision of the Board. The intent of the legislature in placing a two-year time limit on presentation of a check is both reasonable and logical, leaving no room for speculation.

Claimant contends, however, that the checks were not for final payment and therefore they are not within the ambit of Section 408. He bases this assertion on the fact that the checks were distributed to him in the middle period of his payment schedule, and were not "final". We do not find this literal interpretation of Section 408 persuasive. The relevant Section clearly applies to all claims for which checks were previously issued.

Claimant next asserts the principle of unjust enrichment. In order to recover on the basis of unjust enrichment, there must be both enrichment and injustice. *Meehan v. Cheltenham Township,* 410 Pa. 446, 189 A.2d 593 (1963). We discern no injustice where the Unemployment Compensation fund retained the money based only upon Claimant's personal choice not to cash his checks for nearly three years.

We also find Claimant's estoppel argument to be without merit. The facts presented to this Court do not

indicate that Claimant was misled with respect to the language appearing in Section 408. And, of course, one is presumed to know the law.

Finally, we must reject Claimant's constitutional argument. He has offered no recognizable constitutional challenge to the controlling law.

Based upon the foregoing discussion, the order of the Board is affirmed.

## ORDER

Now, November 6, 1987, the order of the Unemployment Compensation Board of Review, No. B-251141, dated July 24, 1986, is hereby affirmed.