613 A.2d 667

Stanley EDWARDS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(R.C. KADYK CORP.), Respondent.

R.C. KADYK CORP. and Pennsylvania's Workers
Compensation Security Fund, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (EDWARDS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted May 29, 1992.

Decided Aug. 7, 1992.

Gary Scoulos and Maria Zulick, for petitioner.

J. Scott Leckie, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

The employer, R.C. Kadyk Corporation, appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting total disability benefits to the claimant Stanley Edwards for an injury found to have occurred during the course of his employment. The claimant appeals that part of the decision which denied his request for attorney's fees against the employer for an unreasonable contest.

According to the record, the facts in this case are as follows. The claimant worked for the employer as a driver and laborer. Although the claimant started work at 7:00 a.m., the employer authorized the claimant and his co-worker to start work at

6:00 a.m. on November 25, 1987. The claimant and his co-worker were making a long-distance delivery to Ohio that day.

The claimant and his co-worker arrived at the employer's premises and discovered that the electronically monitored fence, which enclosed the area where the trucks were parked, was locked. The claimant went to the company office where the keys were kept. The claimant discovered that the keys were not in the office and reasoned that they were in the truck.

The claimant, aware of the code number, deactivated the alarm system of the six foot high fence and proceeded to climb it, but the claimant fell off the fence striking a wire spool and landing on his back. Although injured, the claimant got the keys to the fence from his truck and started his delivery.

At noon that day, the claimant returned to the employer's premises and reported the incident to his employer. Thereafter, he left work and went to the local hospital. He started treatment with Dr. Bengel, a chiropractor, on November 27, 1987. The claimant testified that four days after the accident his employer called and fired him. Presently, the claimant is treated by Dr. DiSanti. The claimant has been unable to work since November 25, 1987, the day of his neck and back injury.

Initially, the employer contends that the claimant did not sustain a compensable injury in the course of his employment. Because the claimant incurred injuries while climbing over the locked fence, the employer asserts that the claimant acted outside the scope of his employment and was, in effect, a trespasser.

■ There is no dispute that the employer specifically authorized the claimant to start his delivery an hour earlier than his usual starting time. The claimant climbed the fence to get his truck so that he could make his deliveries. The claimant testified that although he usually had a key to the fence, he was told to leave it in the truck so it could be resealed. The employer did not present any evidence that the claimant did not have authorization to enter the fenced area

where the trucks were parked. Hence, we agree with the referee's finding that the claimant sustained an injury during the course of his employment.

The claimant contends that the referee erred in denying his request for counsel fees against the employer for an unreasonable contest pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996. The referee denied the request for counsel fees because the claimant did not raise the issue until the hearings were concluded. The claimant first raised the issue of attorney's fees in his brief submitted to the referee.

In *Eugenie v. Workmen's Compensation Appeal Board,* 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991), this court addressed the issue of whether the claimant made a timely request for the assessment of counsel fees. In that case, no evidentiary hearings were held. The employer contended that the claimant improperly requested counsel fees after the evidentiary record was closed. The referee in that case sent a letter to both parties stating that the case was now closed to evidence, that the claimant had submitted a proposed order, and directing that the employer submit proposed findings. This court could not determine from the record whether the claimant's request for counsel fees came before or after the evidentiary record was closed. However, because no evidentiary hearings were held in that case, this court determined that the request for attorney's fees, apparently included in the claimant's proposed order, was sufficient to put the employer on notice.

Although evidentiary hearings were held in the present case, we believe that the claimant's request for attorney's fees, in his brief to the referee, was sufficient to put the employer on notice. The reason that the issue of counsel fees must be raised before the referee is to give the employer an "opportunity to present a defense by way of legal argument or countervailing evidence." *Daugherty v. Workmen's Compensation Appeal Board,* 97 Pa.Commonwealth Ct. 142, 145, 510 A.2d 147, 148 (1986).

In this case, the employer, after the initial hearing, requested a continuance for the purpose of taking the deposition of the claimant's former boss. Later, the employer cancelled the deposition. Thereafter, the parties cancelled the hearing scheduled for August 16, 1989. Although the claimant did not request attorney's fees until after the last hearing, his request for fees contained in his brief submitted to the referee was sufficient to put the employer on notice to argue the issue.

■ The employer also contends that attorney's fees should be denied to the claimant because a reasonable contest existed. In Finding of Fact No. 19, the referee specifically found that the "defendant had no reasonable basis to contest the claimant's work injury and to refuse the payment of compensation therefore." Although labeled as a finding, the issue of whether a contest is reasonable is a conclusion of law subject to our review, *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa.Commonwealth Ct. 384, 413 A.2d 17 (1980).

■ At the hearing, the employer offered the reports and deposition of Dr. Bengel, who initially treated the claimant. After his initial examination of the claimant on November 27, 1987, Dr. Bengel reported to the employer that although injured, the claimant could return to work on November 30, 1987. Dr. Bengel sent another report to the employer on December 16, 1987. That report stated that although he initially anticipated that treatment would last one to two weeks, a comparative examination conducted on December 14, 1987, indicated that maximum recovery had not been achieved. Dr. Bengel opined that even though the claimant experienced pain, he could return to work. The Dr. anticipated that four to six more treatments would resolve his problem.

During the deposition, Dr. Bengel testified that in retrospect the claimant was not able to return to work on November 30, 1987. Additionally, the report of Dr. Durning, the employer's independent medical examiner, put into evidence by the claimant over the employer's objection, stated that the claimant's neck and back problems were a result of his No-

vember 25, 1987, work injury. Dr. Durning's examination of the claimant suggested a disc herniation and suggested further diagnostic evaluation.

Dr. DiSanti, who is presently treating the claimant, testified that the claimant is unable to work because of the accident which injured his back and neck.

As previously stated, the employer's independent medical examiner and the claimant's treating doctor agree that the claimant's injuries, which prohibit him from working, are a result of his November 25, 1987 work injury. Additionally, there is no dispute that the employer authorized the claimant to be on the premises and working when the injury occurred. Hence, we agree with the referee that the employer did not have a reasonable basis for contesting the claim.

Accordingly, because the claimant suffered an injury during the course of his employment, that portion of the board's order granting benefits to the claimant is affirmed. However, because the claimant properly raised the issue of attorney's fees and the employer did not have a reasonable basis for contesting the claim, that portion of the board's order denying the claimant's request for attorney's fees is reversed. This case is remanded for a determination of the amount of attorney's fees due to the claimant.

## ORDER

NOW, August 7, 1992, the decision of the Workmen's Compensation Appeal Board at No. A89–2616, dated August 30, 1991, is affirmed in part and reversed in part.

That portion of the board's order granting benefits to the claimant for a work-related injury is affirmed.

That portion of the board's order denying the claimant's request for attorney's fees is reversed and the case is remanded for a determination of the amount due to the claimant.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring.

I concur in the result only.

The majority holds that a request for attorney's fees for unreasonable contest pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act[1] which is contained in the Claimant's brief to the Referee is sufficient to provide Employer notice of the request. I believe that a request for attorney's fees raised for the first time in a claimant's brief to the referee when the record is closed is insufficient under *Daugherty v. Workmen's Compensation Appeal Board (J & L Steel)*, 97 Pa.Commonwealth Ct. 142, 145, 510 A.2d 147, 148 (1986) to allow "the Employer or its insured [an] . . . opportunity to present a defense by way of legal argument or countervailing evidence."

However, in the instant case, the Claimant sent Employer a letter notifying Employer that he would seek attorney fees for unreasonable contest. This letter was sent prior to the Employer's notification to the Referee that Employer was resting its case and would not present any more evidence. Because the Employer had an opportunity to present countervailing evidence after being notified that Claimant was seeking attorney's fees, I concur that the issue of attorney's fees was properly raised before the Referee.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.