**Carol RAMICH, in her own behalf and as Parent and Guardian of Timothy J. Ramich, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SCHATZ ELECTRIC, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1999.

Decided June 29, 1999.

---

Kenneth C. Myers, Reading, for petitioner.

Sandra R. Craig, Philadelphia, for respondent.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., SMITH, J., FRIEDMAN, J., KELLEY, J., and LEADBETTER, J.

KELLEY, Judge.

Carol Ramich (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board's order reversed the workers' compensation judge's (WCJ) award of compensation benefits to Claimant's son and reversed the WCJ's award of attorney fees to Claimant. We affirm.

Claimant filed a fatal claim petition on November 4, 1994 on behalf of herself and her son. The petition alleged that Claimant's husband, Alvin Ramich (Ramich), sustained injuries on March 6, 1994 while in the course and scope of his employment as a licensed electrician for Schatz Electric, Inc. (Employer). The injuries resulted in Ramich's death on March 7, 1994. The death certificate indicated that Ramich died of asphyxiation while operating a gasoline generator at a job site.

By decision circulated January 29, 1996, the WCJ concluded that Claimant sustained her burden of proof on the fatal claim petition and awarded compensation benefits to Claimant and her son pursuant to section 307 of the Workers' Compensation Act (Act).[1] In addition, the WCJ awarded funeral benefits pursuant to sec-

---

1. Act of June 2, 1915, P.L.736, *as amended*, 77 P.S. §§ 561–562.

tion 307(7) of the Act, 77 P.S. § 561(7), and attorney fees and costs pursuant to section 440(a) of the Act, 77 P.S. § 996(a), finding Employer's contest of the fatal claim petition to be unreasonable. Employer filed a timely appeal to the Board alleging that the WCJ's findings of fact were not supported by substantial evidence and that the WCJ committed various errors of law. Employer's appeal included a request for supersedeas.

The Board granted Employer's request for supersedeas as to payment of workers' compensation benefits to Claimant's son by interlocutory order dated March 7, 1996. By opinion and order issued September 15, 1997, the Board concluded that Claimant failed to timely request attorney fees for an unreasonable contest pursuant to section 440(a) of the Act prior to the close of the record. The Board noted that the WCJ is precluded from assessing attorney fees *sua sponte*. Additionally, the Board declared that Claimant's son is precluded from directly receiving workers' compensation benefits under the Act because Claimant, as a widow, is primarily entitled to benefits. Claimant's timely appeal to this Court followed.[2]

Claimant presents the following issues for our review: (1) whether the Board erred as a matter of law when it reversed the WCJ's award of workers' compensation benefits to Claimant's son pursuant to section 307(1) of the Workers' Compensation Act, 77 P.S. § 561(1)(a); and (2) whether the Board erred as a matter of law when it reversed the WCJ's award of attorney fees for an unreasonable contest

pursuant to section 440(a) of the Act because Claimant did not request the fees prior to the close of the record.

Initially, we note that there is no dispute over the award of workers' compensation benefits to Claimant pursuant to section 307(3) of the Act, 77 P.S. § 561(3).[3] This particular section of the Act applies directly to Claimant because she is the widow of the deceased worker and has one dependent child to support. Claimant, however, contends that in addition to these benefits, her son is eligible to receive workers' compensation benefits pursuant to section 307(1)(a) of the Act, 77 P.S. § 561(1)(a). We disagree.

■ Section 307(1)(a) of the Act provides as follows:

1. *If there be no widow nor widower entitled to compensation,* compensation shall be paid to the guardian of the child or children, or, if there be no guardian, to such other persons as may be designated by the board as hereinafter provided as follows:

(a) If there be one child, thirty-two per centum of wages of deceased, but not in excess of the Statewide average weekly wage. (Emphasis added.)

The opening proviso of this section of the Act clearly prescribes that benefits are to be paid to a child or children "if there be no widow nor widower entitled to compensation." Consequently, we are compelled to logically conclude that the provisions of section 307(1)(a) do not become effective unless there is no widow or widower entitled to compensation.[4] As previously dis-

---

2. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, error of law committed, or a violation of appeal Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

3. Section 307(3) of the Act provides workers' compensation benefits to a widow or widower with one dependent child. The rate is based

on sixty percent of the deceased workers' final wages, but not in excess of the Statewide average weekly wage.

4. We are well aware of the remedial nature of the Act and our duty to liberally construe it so as to effectuate its humanitarian purposes. *See Harper & Collins v. Workmen's Compensation Appeal Board (Brown)*, 543 Pa. 484, 672 A.2d 1319 (1996). We are, however, limited by section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b), which requires that when the words of a statute are clear and

cussed, Claimant is a widow entitled to workers' compensation benefits pursuant to section 307(3) of the Act. Therefore, Claimant's son is not eligible for workers' compensation benefits pursuant to section 307(1)(a) of the Act. *See Anderson v. Borough of Greenville*, 442 Pa. 11, 273 A.2d 512 (1971).

■ Next, Claimant challenges the Board's reversal of the WCJ's award of attorney fees for an unreasonable contest. Preliminarily, Claimant contends that Employer waived its appeal to the Board of the WCJ's award of attorney fees because Employer failed to conform to the requirements of section 111.11(a)(2) of the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board, 34 Pa.Code § 111.11(a)(2). This particular section of the Code requires that an appeal to the Board substantially contain:

A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

Based on our review of Employer's appeal document, we conclude that Employer sufficiently notified the Board and Claimant of the issues it sought to have addressed on appeal. Specifically, the document cited the particular findings of fact, which Employer alleged to be in error or not supported by substantial evidence and noted the conclusions of law and the sec-

tions of the order, which were in error. *See Garnett v. Workmen's Compensation Appeal Board (Equitable Gas Co.)*, 158 Pa.Cmwlth. 100, 631 A.2d 705 (1993), *petition for allowance of appeal denied*, 537 Pa. 613, 641 A.2d 312 (1994). Moreover, Employer satisfied all of the other requirements set forth in 34 Pa.Code § 111.11.

We will now determine whether the Board committed legal error when it reversed the WCJ's award of attorney fees to Claimant for Employer's unreasonable contest of the claim. Here, Claimant requested attorney fees in the proposed findings of fact and memorandum of law she submitted to the WCJ. Claimant asserts that her request for attorney fees for an unreasonable contest after the close of the evidentiary record does not preclude her from invoking section 440(a) of the Act.[5] In support of this proposition, Claimant cites *Blunt Ltd. v. Workmen's Compensation Appeal Board (Riley)*, 654 A.2d 253 (Pa. Cmwlth.1995).

In *Blunt*, the claimant requested attorney fees for an unreasonable contest in his proposed findings of fact, conclusions of law, and order. *Blunt*, 654 A.2d at 256. This Court held that this request by the claimant sufficiently placed the employer on notice that the claimant was seeking attorney fees for an unreasonable contest. *Id.* In doing so, this Court relied upon *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991) and *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk*

free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.

**5.** Section 440(a) of the Act, 77 P.S. § 996(a), provides:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment ar-

rangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

*Corp.),* 149 Pa.Cmwlth. 597, 613 A.2d 667 (1992) as support for this holding.

In *Eugenie,* the employer contended that the claimant's request for attorney fees was ineffective since it was made after the referee [6] closed the evidentiary record. *Eugenie,* 592 A.2d at 360. We pointed out that the record before this Court was sparse since no evidentiary hearings were held in the case. *Id.* We stated, however, that in a letter from the referee to the parties, dated October 25, 1988, the referee stated that the case was closed to evidence, that the claimant had already submitted a proposed order, and that the employer had until November 1, 1988, to submit proposed findings. *Id.* Therefore, we concluded that it was unclear whether the claimant's request came before the evidentiary record was closed. *Id.* Thus, we held that, given the fact that no evidentiary hearings were held, the request for attorney fees was sufficient to put the employer on notice. *Id.*

In *Edwards,* we concluded that the claimant's request for attorney fees in a brief submitted after the last hearing provided the employer with sufficient notice due to the abbreviated nature of the hearings. *Edwards,* 613 A.2d at 669. After the initial hearing before the referee, the employer requested a continuance for the purpose of taking the deposition of the claimant's former boss. *Id.* The employer later cancelled the deposition and the parties cancelled a subsequently scheduled hearing before the referee. *Id.* Based on the extenuating circumstances, we held that the claimant's request for attorney fees in the brief to the referee after the hearings were concluded provided adequate notice to the employer to address the issue. *Id.*

Contrary to Claimant's assertion in the present matter, this Court has held that a claimant's failure to request attorney fees for an unreasonable contest prior to the close of the record negates any entitlement to the award. *Mediq, Inc. v. Workmen's Compensation Appeal Board (Steskal),* 159 Pa.Cmwlth. 1, 633 A.2d 651 (1993).[7] The reason behind this requirement is to give an employer the opportunity to present a defense by way of legal argument or countervailing evidence. *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 97 Pa. Cmwlth. 142, 510 A.2d 147 (1986).

█ Considering *Eugenie* and *Edwards* in the light of these holdings, we conclude that those cases are exceptions to the established rule requiring a claimant to request attorney fees prior to the close of the evidentiary record. Moreover, we believe that *Blunt* is distinguishable from the present matter. In *Blunt,* there is no indication whether the request for an award of attorney fees was made before or after the close of the evidentiary record.[8]

---

6. Prior to August 31, 1993, workers' compensation judges were called referees.

7. In *Mediq,* the claimant argued that she made a timely request for attorney fees in the written memoranda of law she submitted to the referee after the evidentiary record was closed. *Mediq,* 633 A.2d at 654. In support of this argument, the claimant relied on *Eugenie. Id.* However, this Court determined that *Eugenie* was distinguishable because in *Eugenie,* there were no evidentiary hearings and it was unclear whether the claimant's request came before or after the evidentiary record was closed. *Id.* We pointed out that in *Mediq,* the referee announced on the record and in the presence of counsel that the case was closed and instructed counsel to submit memoranda of law within a prescribed time. *Id.* It was in this memoranda that the claimant raised the issue of attorney fees for the first time. *Id.* Because the employer had lost all opportunity to present a defense by way of countervailing evidence and subsequent legal argument, we held that a first-time request for attorney fees in a post-trial memorandum failed to preserve such issue for appellate review. *Id.*

8. We note that this Court in *Blunt,* when citing *Eugenie* as support for our holding, pointed out that it was unclear from the record in *Eugenie* whether the request for attorney fees came before or after the evidentiary record was closed. *Blunt,* 654 A.2d at 256 n. 5.

As a result, we hold that Claimant is barred from requesting attorney fees for an unreasonable contest in this matter.

Here, the WCJ held three evidentiary hearings, which afforded Claimant a reasonable opportunity to request attorney fees for an unreasonable contest on the record.[9] In addition, we note that the pendency of Claimant's fatal claim petition lasted over fourteen months. By not raising the issue of the reasonableness of Employer's contest prior to the close of the record, Claimant deprived Employer of the opportunity to present countervailing evidence and further legal argument on the reasonableness of the contest.

Based on the ample opportunity for Claimant to request attorney fees prior to the close of the evidentiary record, we affirm the Board's reversal of the WCJ's award of attorney fees to Claimant for an unreasonable contest.[10] Accordingly, the order of the Board is affirmed.

Judge DOYLE concurs in result only.

### O R D E R

AND NOW, this 29th day of June, 1999, the order of the Workers' Compensation Appeal Board, dated September 15, 1997, at No. A96–0543, is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent to that part of the majority's opinion which affirms the Workers' Compensation Appeal Board's (Board) reversal of the Workers' Compensation Judge's (WCJ) award of attorney's fees for an unreasonable contest.

Section 111.11(a)(2) of the Special Rules of Administrative Practice and Procedure before the Workers' Compensation Appeal Board, 34 Pa.Code § 111.11(a)(2), requires that an appeal to the Board substantially contain:

> A statement for the particular grounds upon which the appeal is based, including reference to the *specific* findings of fact which are challenged and the errors of law which are alleged. *General allegations which do not bring to the attention of the Board the issues decided are insufficient.* (Emphasis added.)

Employer failed to object to any of the WCJ's findings of fact, or conclusions of law, pertaining to the assessment of attorney's fees in the notice to the Board.[1] Appeal from Judge's Findings of Fact and Conclusions of Law, February 12, 1996; R.R. at 84a. Additionally, Employer's request for supersedeas lacked any mention of the WCJ's award of attorney's fees. Petition for Supersedeas on Appeal, February 13, 1996, at 1–3; R.R. at 86a–88a. Pa.R.A.P. 1551(a) states that: "Review of quasijudicial orders shall be heard by the court on the record. No question shall be heard or considered by the court which was not raised before the government unit." The record discloses no objection by Employer to the award of attorney fees until it was raised in its brief to the Board. Because Employer failed to properly preserve the issue of attorney fees in the

---

9. The record indicates that hearings were held before the WCJ on January 12, 1995, April 6, 1995, and June 8, 1995.

10. We also note that Section 131.55 of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges, 34 Pa.Code § 131.55, entitled "Attorney fees and costs" is included under the hearing procedure before workers' compensation judges.

1. We note that in its appeal to the Board, Employer alleged error with regard to the WCJ's Findings of Fact (F.F.), Nos. 34 and 35, Conclusions of Law (C.L.), Nos. 18 and 19, and Order Nos. 3 and 4. No objection was made to F.F., No. 37 (Claimant's fee agreement), C.L., Nos. 22, 23 and 25 (WCJ's determination for awarding attorney fees), and Order No. 9 which provides:

> 9. Defendant [Employer] shall pay to claimant's counsel, Kenneth C. Meyers, Esquire, fees in an amount equal to 20% of the total of all benefits specified in paragraphs 3, 4, and 5, for a period from March 7, 1994, to December 5, 1995, together with the interest due thereon pursuant to Section 440 of the Act.

WCJ's Decision at 9; R.R. at 14a.

notice of appeal, Employer waived this issue. *Lewistown Hospital v. Workmen's Compensation Board (Kuhns)*, 683 A.2d 702 (Pa.Cmwlth.1996).

The majority relies on *Mediq, Inc. v. Workmen's Compensation Appeal Board (Steskal)*, 159 Pa.Cmwlth. 1, 633 A.2d 651 (1993), which held that a claimant's first-time request for attorney's fees in a post-trial memorandum of law failed to preserve the issue. I believe the present case is distinguishable from *Mediq*. In *Mediq*, the claimant never requested attorney's fees on the record, whereas here, Claimant presented a fee agreement and requested attorney's fees at the first hearing. Notes of Testimony, January 12, 1995 at 16; R.R. at 30a.

Assuming arguendo, Employer preserved its attack on the assessment of attorney's fees, the majority's opinion overrules our previous decision in *Blunt Ltd. v. Workmen's Compensation Appeal Board (Riley)*, 654 A.2d 253 (Pa.Cmwlth. 1995). In *Blunt*, the claimant requested attorney's fees for an unreasonable contest in his proposed findings of fact, conclusions of law and order. This Court held the request was sufficient notice to the employer. *Id.* The factual scenario in *Blunt* is indistinguishable from this controversy.

Accordingly, I would affirm the Board's order that Claimant's son is not eligible for workers' compensation benefits pursuant to Section 307(1)(a) of the Act, and uphold the WCJ's award of attorney's fees to Claimant.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. In this case, we are asked to decide an issue that this court has never specifically addressed. The is-

sue is whether the language of section 440 of the Workers' Compensation Act (Act) [1] puts all employers on notice that claimants in whose favor a matter has been decided are entitled to an award of attorney fees in addition to the award for compensation unless the employer establishes a reasonable basis for the contest. (Supplemental Brief of Appellant at 8.) The majority does not discuss this issue.

My view is that the clear and unambiguous language of section 440 of the Act puts all employers on notice that claimants who prevail in contested cases in whole or in part are entitled to an award of attorney fees in addition to the award for compensation and that employers must defend against such an award in every workers' compensation proceeding by establishing a reasonable basis for the contest. This means that claimants need not specifically request attorney fees under section 440 of the Act and that a workers' compensation judge (WCJ) may award attorney fees *sua sponte* under section 440 of the Act. Indeed, when an issue has been resolved in favor of a claimant, the WCJ *must* award attorney fees unless the employer has established a reasonable basis for the contest. Thus, in this case, unlike the majority, I would reverse that portion of the order of the Workers' Compensation Appeal Board (WCAB) reversing the WCJ's award of attorney fees to Carol Ramich (Claimant).

In support of my position, I offer the following history of this court's case law on whether, or when, claimants must request an award of attorney fees for an unreasonable contest under section 440 of the Act. Initially, claimants did not have to specifically request an award of attorney fees under section 440 of the Act.[2] Then, in

---

1. Act of June 2, 1915, P.L. 736, *as amended*, added by section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

2. This court first explained the language of section 440 of the Act in *Weidner v. Workmen's Compensation Appeal Board*, 16 Pa. Cmwlth. 561, 332 A.2d 885, 887 (1975) (emphasis added), stating:

> [A]ttorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, *the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes*

1981, nine years after the enactment of section 440 of the Act, this court imposed the requirement that claimants request attorney fees.[3] However, in the 1981 case, this court did not cite any applicable legal authority for the request requirement.[4] It was not until 1986, when a claimant asked this court to reconsider the requirement, that this court invented a rationale for the requirement, stating that the request was necessary to put the employer on notice to defend against an award of attorney fees.[5] Since 1986, this court consistently has held that the timing of a claimant's request for attorney fees in a claim proceeding is unimportant. As long as the claimant makes a request for attorney fees at some point, the employer is deemed to have sufficient notice.[6] Because there was no request requirement for nine years, because there was no legal authority for the request requirement when it was created in 1981, because there was no rationale for it until 1986 and because this court has ignored the stated rationale since then, I would eliminate the request requirement altogether.

### I. Statutory Language

Section 440 of the Act provides in relevant part:

> In any contested case where the insurer has contested liability in whole or in part, . . . , [the claimant] in whose favor the matter at issue has been finally determined in whole *or* in part *shall be awarded,* in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee* . . . : Provided, That cost for attorney fees *may be excluded* when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996 (emphasis added). This language is clear and unambiguous.[7] The WCJ *shall award* attorney fees to a claimant who has prevailed in whole or in part in the litigation.[8] The WCJ *may* exclude

---

that the employer's or carrier's contest is reasonably based.

I point out that, in this summation of section 440 of the Act, an award of attorney fees is the rule unless "the record" establishes that the employer's contest is reasonably based. In this case, Claimant's counsel explained at oral argument that Claimant requested attorney fees for an unreasonable contest *after* the close of the record because, until then, Claimant could not determine whether the record established that Employer's contest was unreasonable. Although I do not believe that Claimant needed to make the request at all, Claimant's approach seems perfectly logical. Indeed, the time for asserting a claim for attorney fees for an unreasonable contest under section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, is "at the conclusion of the underlying action, using the record and history of the action to support the claim." 25A Standard Pennsylvania Practice 2d § 127:49 (1994).

3. The request requirement first appeared in *Cooper–Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa.Cmwlth. 12, 432 A.2d 1128 (1981).

4. In *Cooper–Jarrett,* this court cited *C.P. Wright Construction Co. v. Workmen's Compensation Appeal Board,* 46 Pa.Cmwlth. 531, 406 A.2d 1202 (1979), and *Landis v. Zimmer-*

man Motors, Inc., 27 Pa.Cmwlth. 99, 365 A.2d 190 (1976), as legal authority for requiring a request for attorney fees under section 440 of the Act. However, the holdings in *C.P. Wright* and *Landis* have nothing to do with section 440 of the Act.

5. *See Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 97 Pa.Cmwlth. 142, 510 A.2d 147 (1986).

6. *See Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991); *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk Corp.),* 149 Pa.Cmwlth. 597, 613 A.2d 667 (1992); and *Blunt Ltd. v. Workmen's Compensation Appeal Board (Riley),* 654 A.2d 253 (Pa.Cmwlth.1995).

7. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b).

8. The word "shall" is to be construed as mandatory unless the statutory language is ambiguous. *Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148 (1997); *Coretsky v. Board of Commissioners of Butler Township,* 520 Pa. 513, 555 A.2d 72 (1989).

an award of attorney fees only if the employer has established a reasonable basis for the contest.

Here, the majority holds that claimants must request attorney fees for an unreasonable contest before the close of the record to give employers an opportunity to present a defense. However, section 440 of the Act does *not* require that a claimant request an award of attorney fees before the close of the record to give the employer sufficient notice to defend against such an award. In fact, section 440 of the Act does not require that a claimant request an award of attorney fees at all.[9] Moreover, the majority's holding fails to consider that employers are always on notice to present a defense by virtue of the plain language of section 440 of the Act.

## II. The Request Requirement

### A. Section 442

In *Cooper–Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Cmwlth. 12, 432 A.2d 1128 (1981), this court first held that a claimant must request an award of attorney fees under section 440 of the Act. The referee in *Cooper–Jarrett* awarded attorney fees *sua sponte* against the employer pursuant to section 440 of the Act, and the employer challenged the award on appeal. This court's entire analysis of the issue was as follows:

> The referee awarded attorney's fees against the employer without a request for that sanction being presented by the

claimant. Because the claimant, who was represented by counsel, never asked for attorney's fees, it was an error for the referee to award them sua sponte. *See C.P. Wright Construction Co. v. Workmen's Compensation Appeal Board,* 46 Pa.Cmwlth. 531, 406 A.2d 1202 (1979); *cf. Landis v. Zimmerman Motors, Inc.,* 27 Pa.Cmwlth. 99, 365 A.2d 190 (1976) (interpreting Sections 501 and 442 of the Act).

*Cooper–Jarrett,* 432 A.2d at 1130 (footnotes omitted). Thus, in disposing of the matter, this court simply stated the issue and the holding and cited *C.P. Wright* and *Landis* as authority for the holding. However, neither *C.P. Wright* nor *Landis* supports the proposition that a claimant must make a specific request for an award of attorney fees under section 440 of the Act.[10]

In *C.P. Wright,* the claimants sought attorney fees for the first time on appeal to this court. We denied the request for attorney fees because the claimants failed to present an attorney fee agreement for approval by the referee or WCAB as required by section 442 of the Act.[11] Indeed, in support of its decision, this court cited section 442 of the Act and *Landis,* a section 442 case. While basing its decision solely upon section 442 of the Act, this court nevertheless noted that the claimants were not entitled to attorney fees under section 440 of the Act because the employer's contest was reasonable. This court never addressed whether claimants must make a specific request for attorney

9. Commentators have noticed that requiring claimants to request attorney fees under section 440 of the Act is in conflict with the language of the statute. *See, e.g., Pennsylvania Workers' Compensation Practice and Procedure,* para. 1.765 (1998).

10. The signal *"See"* means that the cited authority directly states or clearly supports the proposition. *The Bluebook,* § 1.2(a) (16th ed.1996). The signal *"Cf."* means that the cited authority supports a proposition that is different from the main proposition but that is sufficiently analogous to that proposition to lend support. *Id.*

11. Section 442 of the Act, 77 P.S. § 998, provides in pertinent part: "All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any [WCJ] or the board, whether or not allowed as part of a judgment, shall be approved by the [WCJ] or the board as the case may be ...." Judge McGinley points out in his dissent that, in this case, Claimant presented her attorney fee agreement to the WCJ for approval at the first hearing. (Judge McGinley Dissent at 3; R.R. at 30a.)

fees under section 440 of the Act. Thus, *C.P. Wright* and *Landis* do not support the holding in *Cooper–Jarrett.*[12]

## B. Opportunity to Defend

Five years after *Cooper–Jarrett*, in 1986, this court decided the case of *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa. Cmwlth. 142, 510 A.2d 147 (1986). Relying on *Cooper–Jarrett*, this court once again held that a referee may not award attorney fees *sua sponte* under section 440 of the Act.[13] However, this time, we offered a rationale for our holding, stating: "Where the issue of counsel fees is not raised before the referee, the Employer or its insured has no opportunity to present a defense by way of legal argument or countervailing evidence." *Daugherty*, 510 A.2d at 148. However, this rationale is flawed. An employer always has an opportunity to defend against an award of attorney fees under section 440 of the Act by creating "the record" before the WCJ. That "record" is the employer's defense to an award of attorney fees for an unreasonable contest. Therefore, notice to the employer to defend against an award of attorney fees for an unreasonable contest never becomes an issue under section 440 of the Act.

## C. Section 442 Revisited

Despite this court's reliance on section 442 of the Act in prior section 440 cases,

the court in *Daugherty* did not address whether a claimant's request for approval of an attorney fee agreement under section 442 of the Act puts the employer on notice to defend against a possible award of attorney fees for an unreasonable contest under section 440 of the Act. However, two weeks after *Daugherty* was filed, this issue was addressed in the case of *Penczkowski v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp.)*, 97 Pa.Cmwlth. 419, 509 A.2d 964 (1986).

In *Penczkowski*, the claimant sought an award of attorney fees under section 440 of the Act and argued that he made the request for the award when he testified at one of the hearings regarding his attorney fee agreement. This court held that a claimant's request for approval of an attorney fee agreement under section 442 of the Act did *not* satisfy the requirement that a claimant request an award of attorney fees for an unreasonable contest under section 440 of the Act. In support of that holding, this court cited *Cooper–Jarrett, C.P. Wright,* and *Landis.* However, as indicated above, *Landis* is a section 442 case that has nothing to do with section 440 of the Act, and *C.P. Wright* and *Cooper–Jarrett* never addressed the issue. Thus, the holding in *Penczkowski* does not rest on any applicable legal authority.

After *Penczkowski*, section 442 of the Act disappeared from this court's legal

---

**12.** To some extent, *Cooper–Jarrett* relied upon section 442 of the Act to deny attorney fees under section 440 of the Act. However, one year after *Cooper–Jarrett*, the Pennsylvania Supreme Court explained that sections 440 and 442 of the Act should not be construed together because they "serve different purposes." *Weidner v. Workmen's Compensation Appeal Board*, 497 Pa. 516, 521, 442 A.2d 242, 244 (1982). The purpose of section 442 of the Act is to protect claimants against unreasonable attorney fee agreements, and the purpose of section 440 of the Act is to protect claimants against unreasonable employer contests. *Id.* Thus, *Cooper–Jarrett's* reliance upon section 442 of the Act was misplaced.

More recently, in *Phillips v. Workmen's Compensation Appeal Board (Century Steel),*

554 Pa. 504, 721 A.2d 1091 (1999), the supreme court reiterated that the purpose of section 440 of the Act is to protect claimants from unreasonable employer contests. I note that, because of the majority's holding in this case, the purpose of section 440 of the Act will not be fulfilled in every workers' compensation proceeding.

**13.** The referee awarded attorney fees *sua sponte*, and the employer appealed to the WCAB. The WCAB ruled that the referee erred and remanded the case "for further findings as to the amount *Claimant* should pay his attorney." *Daugherty*, 510 A.2d at 147 (emphasis in original). On remand, the referee ordered the claimant to pay "a figure agreed upon by Claimant and his attorney." *Id.*

analysis of the section 440 request requirement. Instead, as illustrated by the following cases, this court addressed only whether specific claimant requests gave employers sufficient notice to defend against an award of attorney fees.[14]

### D. Timing of Section 440 Request in Claim Petition Cases

#### 1. Time of Request Unknown

In the case of *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991), the claimant filed a claim petition, but the employer did not file an answer. Several hearings were held, and the employer requested, and was granted, three continuances. The claimant submitted a medical deposition, but the employer offered no evidence. When the claimant subsequently requested attorney fees for an unreasonable contest, it was unclear whether he made the request before or after the close of the evidentiary record.[15] This court *did not know* when the request was made, and, likewise, this court *did not know* when the employer received notice to present a defense. Nevertheless, this court held that the request for attorney fees provided employer with sufficient notice that the claimant was seeking an award of attorney fees under section 440 to defend against such an award. Thus, the holding of this court in *Eugenie* clearly indicates that the timing

of a claimant's request does not matter,[16] making *Eugenie* a case that, to some extent, ignored the rationale for the request requirement.

#### 2. Request After Close of Record

In *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk Corp.)*, 149 Pa.Cmwlth. 597, 613 A.2d 667 (1992), the claimant requested an award of attorney fees in a brief submitted to the referee after the close of the record. The referee, affirmed by the WCAB, denied the claimant's request because the issue was not raised until the hearings were concluded. This court reversed the denial of attorney fees and held that the claimant's request was "sufficient to put the employer on notice to *argue*[17] the issue." *Edwards*, 613 A.2d at 669 (emphasis added). As in *Eugenie*, *Edwards* tended to ignore, and thus continued to undercut, the rationale for the request requirement.

This court addressed another "late" attorney fee request in *Blunt Ltd. v. Workmen's Compensation Appeal Board (Riley)*, 654 A.2d 253 (Pa.Cmwlth.1995). In *Blunt*, the referee held three claim petition hearings, and the claimant requested an award of attorney fees for an unreasonable contest in the proposed findings of fact, conclusions of law and order. The referee ruled against the employer and awarded attorney fees. Relying on *Eugenie* and *Edwards*, this court held that the claim-

---

**14.** I have limited my review of such cases to those that involve claim proceedings because, in this case, Claimant has filed a claim petition.

**15.** The referee sent a letter to the parties dated October 25, 1988, stating that the record was *now* closed to evidence and that the claimant had *already* submitted a proposed order. In *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk Corp.)*, 149 Pa.Cmwlth. 597, 613 A.2d 667 (1992), this court stated that the claimant's request for attorney fees was "apparently included in the claimant's proposed order." *Edwards*, 613 A.2d at 669. Obviously, if the claimant's request was in the proposed order, the request came *before* the close of the record. In *Blunt*

*Ltd. v. Workmen's Compensation Appeal Board (Riley)*, 654 A.2d 253 (Pa.Cmwlth.1995), this court assumed the opposite, stating that the claimant apparently requested attorney fees *after* the close of the record.

**16.** If it mattered, this court would have remanded the case so that the referee could have made a necessary finding of fact.

**17.** In this holding, *Edwards* changed the rationale for the request requirement. Before *Edwards*, claimants were required to give employers enough notice to present legal argument *or* countervailing evidence. After *Edwards*, claimants were required to give only enough notice to allow employers an opportunity to present legal argument.

ant's request for attorney fees, although made after the close of the record, sufficiently placed the employer on notice that the claimant would be seeking an award of attorney fees under section 440 of the Act.[18] Once again, as in *Eugenie* and *Edwards*, the timing of the claimant's request in a claim proceeding meant nothing. As long as the claimant made the request, the employer was deemed to have sufficient notice. After *Eugenie*, *Edwards* and *Blunt*, there is little left to justify retention of the request requirement.[19]

The majority attempts to distinguish *Eugenie*, *Edwards* and *Blunt* and rests its holding on *Mediq, Inc. v. Workmen's Compensation Appeal Board (Steskal)*, 159 Pa.Cmwlth. 1, 633 A.2d 651 (1993). However, because *Mediq* is not a claim petition case, it does not apply here. *Mediq* was decided prior to the 1993 amendments to the Act, when section 440 of the Act consisted of two unnumbered paragraphs. The first paragraph governed attorney fee awards in claim proceedings, and the second paragraph pertained to attorney fee awards in proceedings to "terminate, reinstate, increase, reduce or otherwise modify compensation awards." 77 P.S. § 996. Because the employer in

*Mediq* filed a petition to terminate, suspend or modify benefits, *Mediq* was decided pursuant to the second paragraph of section 440 of the Act. In contrast, *Eugenie*, *Edwards* and *Blunt* were claim petition cases decided pursuant to the claim proceeding paragraph of section 440 of the Act. Although this is a claim petition case, the majority chooses to follow *Mediq* ;[20] I would not do so.

### III. Employers Presumed to Know the Law

Again, my position is that the clear and unambiguous language of section 440 of the Act puts all employers on notice to defend against an award of attorney fees for an unreasonable contest. This court has held in numerous cases that parties are presumed to know the law. Indeed, this court has held that: (1) a claimant in an unemployment compensation case is presumed to know section 408 of the Unemployment Compensation Law;[21] (2) those who deal with the Department of Transportation have a duty to be aware of The Administrative Code of 1929;[22] (3) a school district is presumed to know sections 2574 and 2575.1 of the Public School

**18.** In holding that the timing of the claimant's request for attorney fees essentially does not matter, this court revived the principle that an award of attorney fees is the rule and is to be excluded only where the record establishes that the employer's contest is reasonably based. For that proposition, this court cited *Ball v. Workmen's Compensation Appeal Board*, 19 Pa.Cmwlth. 157, 340 A.2d 610 (1975), one of this court's earliest cases interpreting section 440 of the Act.

**19.** Of course, the majority has decided to retain the request requirement. I note that, in this case, Claimant requested attorney fees after the close of the record. Certainly, under *Blunt*, Claimant is entitled to an award of attorney fees.

**20.** The majority tries to distinguish *Blunt* and *Mediq* based on a footnote in *Blunt* relating to the facts in *Eugenie*. (Majority op. at 43.) The majority states, based on the footnote, that there is no indication in *Blunt* as to whether

the claimant's request was made before or after the close of the evidentiary record. (Majority op. at 43.) However, although that was the case in *Eugenie*, it was not true in *Blunt*. The claimant's request in *Blunt* was made in proposed findings of fact and conclusions of law, and the regulation at 34 Pa.Code § 131.101 states that proposed findings of fact and conclusions of law are submitted after the close of the record. Thus, there is no question that the claimant's request for attorney fees in *Blunt* came after the close of the record.

**21.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 808. *See Zeller v. Unemployment Compensation Board of Review*, 111 Pa.Cmwlth. 20, 532 A.2d 1284 (1987).

**22.** Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. 512(c) and (d). *See County of Lehigh v. Lerner*, 82 Pa.Cmwlth. 632, 475 A.2d 1357 (1984).

Code of 1949;[23] (4) all Pennsylvania citizens are presumed to know section 1403 of The Fiscal Code;[24] and (5) parties are presumed to know section 908(9) of the Pennsylvania Municipalities Planning Code.[25] Certainly, this court must presume that employers know section 440 of the Act.[26]

## IV. Attorney Fees Awards

Finally, it is apparent to me that in perpetuating the requirement that a claimant must request an award of attorney fees under section 440 of the Act, the majority is actually relying upon attorney fee law that does not apply here.

The common law rule is that, in general, a litigant cannot recover attorney fees from an adverse party unless there is express statutory authority, a clear agreement of the parties or an established exception to the rule. 25A Standard Pennsylvania Practice 2d § 127:43 (1994). Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7), provides express statutory authority for the recovery of attorney fees for the dilatory, obdurate or vexatious conduct of a party. Moreover, the "obdurate behavior" exception is one of the established exceptions to the rule in common law. 25A Standard Pennsylvania Practice 2d § 127:45. Section 2503(7) of the Judicial Code and the "obdurate behavior" exception are applicable where a party has presented an unreasonable contest. *See*

25A Standard Pennsylvania Practice 2d §§ 127:55–58.

Case law holds that a party must raise a claim for attorney fees for dilatory, obdurate or vexatious behavior; otherwise, the matter is waived. 25A Standard Pennsylvania Practice 2d § 127:49; *In re Pitone's Estate*, 297 Pa.Super. 161, 443 A.2d 349 (1982). Moreover, when a party has properly raised the question of attorney fees as a sanction for "obdurate behavior," the burden of proof is on the person seeking an award of attorney fees. 25A Standard Pennsylvania Practice 2d § 127:51.

It seems to me that this court has required claimants to raise the issue of attorney fees under section 440 of the Act because that is the rule of law under the Judicial Code and the common law. However, section 440 of the Act obviously differs from the Judicial Code and the common law. Certainly, when the legislature enacted section 440 of the Act, the legislature was aware of the law governing an award of attorney fees. Nevertheless, under section 440 of the Act, the legislature did *not* place the burden of proof on claimants to prove entitlement to attorney fees. Rather, the legislature required *employers* to establish a reasonable basis for the contest. Likewise, the legislature did *not* state that a claimant must raise the issue of attorney fees. Rather, the legislature indicated that attorney fees *shall be awarded* unless the employer establishes a reasonable contest. Thus, I believe that the majority's view is, without doubt, con-

**23.** Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 25–2575 and 25–2575.1. *See School District of Pittsburgh v. Department of Education*, 63 Pa.Cmwlth. 39, 437 A.2d 530 (1981), *aff'd*, 499 Pa. 56, 451 A.2d 442 (1982).

**24.** Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 1403. *See Department of Revenue, Bureau of Corporation Taxes v. Marros*, 60 Pa.Cmwlth. 263, 431 A.2d 392 (1981).

**25.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9). *See Foltz v. Zoning Hearing Board*, 13 Pa.Cmwlth. 309, 318 A.2d 410 (1974).

**26.** In criminal law, a statute puts the public on notice regarding the consequences of certain conduct. *See, e.g., Commonwealth v. Yarris*, 519 Pa. 571, 549 A.2d 513 (1988) (holding that a defendant on trial for first degree murder is "statutorily on notice" that the death penalty may be imposed); *Commonwealth v. Gautieri*, 431 Pa.Super. 412, 636 A.2d 1153, 1157 (1994) (holding that the statute gives "ample notice" of the types of crimes proscribed); and *Commonwealth v. Macek*, 218 Pa.Super. 124, 279 A.2d 772, 776 (1971) (holding that the statute "put the public on notice" regarding the risks of committing the crime).

trary to the intention of the legislature in enacting section 440 of the Act.

## V. Conclusion

Because the language of section 440 of the Act is clear and unambiguous, because that clear language puts all employers on notice that they must defend against an award of attorney fees for an unreasonable contest in every case, and because there is no legal authority for requiring a claimant to request an award of attorney fees for an unreasonable .contest, I would reverse the decision of the WCAB to reverse the WCJ's award of attorney fees.