631 A.2d 705

Gregory GARNETT, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (EQUITABLE GAS COMPANY), Respondent.

EQUITABLE GAS COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (GARNETT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided Aug. 23, 1993.

Pamela G. Cochenour, for petitioner, respondent Equitable Gas Co.

Edward J. Abes, for petitioner, respondent Gregory Garnett.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

PALLADINO, Judge.

Gregory Garnett (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a

decision of the referee modifying Claimant's benefits pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1] Equitable Gas Company (Employer) has filed a cross appeal from the same order.

On January 29, 1977 Claimant sustained a work related injury to his left knee while employed as a truck driver/laborer by Employer. Claimant received total disability benefits pursuant to a notice of compensation payable.

On January 28, 1986 Employer filed a petition for termination of Claimant's benefits, alleging that as of that date Claimant had fully recovered from his work related injury.

After several hearings, the referee found Claimant remained disabled from heavy-duty work, but could perform light-duty work. Additionally, the referee found that Claimant was notified of a job with Select Jewelry as a bench person, but did not apply for the job. The referee also found that Claimant suffers from depression and/or emotional or functional overlay which was reactivated and is causally related to Claimant's work injury, but that said psychological injury does not render Claimant disabled from performing light duty work. Findings of Fact No. 18, 19, 20.

Based on these findings the referee concluded that Employer had not met its burden of proving that it was entitled to a termination of Claimant's benefits, but had met the requirements set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 516 Pa. 240, 532 A.2d 374 (1987) for modification of Claimant's benefits. The referee ordered Claimant's benefits modified and ordered that Employer continue to pay all reasonable and necessary medical bills causally related to Claimant's work related injury. The referee also ordered Employer to pay Claimant's counsel fees of $3512.15.

Both parties appealed the referee's decision to the Board, which affirmed. Cross appeals were filed to this court by both Claimant and Employer.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

I

Claimant raises the following issues on appeal to this court:[2] 1) whether the Board erred in hearing the Employer's appeal when the Employer did not specify the issues on appeal to the Board;[3] 2) whether the Board erred in affirming the referee's modification order when Claimant's psychologist advised Claimant not to seek work; 3) whether the Board erred in affirming the referee's modification when Claimant was not apprised by Employer of his medical clearance to perform light duty work; and 4) whether the Board erred in affirming the referee's determination that Claimant was capable of performing the Select Jewelry position.

■ With respect to the first issue, Claimant contends that Employer's notice of appeal to the Board listed by number only, the findings of fact and conclusions of law at issue. Claimant advances that because the referee's findings were so extensive, Claimant and the Board were left to speculate on what grounds and upon which portion of the findings Employer was basing its appeal. Thus, Claimant argues that Employer's appeal was insufficient for the purposes of 34 Pa.Code § 111.11(a)(2).[4]

Our research has failed to locate caselaw dispositive of this issue, nor has counsel provided us with any. However, we note that the Board did not grant Claimant's motion to quash based on this allegation. Instead, the Board issued an opinion

---

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

3. This issue is also raised in a separate motion by Petitioner to dismiss Respondent's cross petition for review for failure to preserve below issues raised on appeal. By order dated February 17, 1993, this motion was directed to be considered with the merits.

4. Section 111.11(a)(2) states "[g]eneral allegations which do not specifically bring to the attention of the Board the issues to be decided are insufficient."

and order which addressed whether substantial evidence supported the factual findings listed in Employer's notice of appeal and addressed whether the referee's conclusions of law were in error. We conclude that the Employer's notice of appeal sufficiently notified the Board and Claimant of the issues upon which the Employer based its appeal and hold that the Board did not commit an error of law in hearing Employer's appeal.

With respect to the second issue, Claimant argues that he went to job referrals in good faith as required by *Kachinski*, and thus, the modification of his benefits was an error of law. Claimant contends that he went to job referrals in good faith until directed by his treating psychologist, Dr. Bell, not to go to any more job interviews.

Determinations as to weight and credibility of conflicting testimony in a workmen's compensation case are the province of the referee; the referee may accept or reject testimony of any witness, including medical witnesses, in whole or in part. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth 240, 563 A.2d 236 (1989).

The referee found that Dr. Bell, who held a Ph.D in psychology, was not a physician and specifically rejected his testimony. Where, as here, a referee's findings are supported by substantial evidence, these findings will not be disturbed on appellate review. Accordingly, we conclude that the Board did not err in affirming the referee's modification order simply because Claimant's psychologist advised him not to seek work.

With respect to the third issue, Claimant argues that although he was notified of the availability of light-duty work, he had not received medical clearance for the jobs.

Under *Kachinski*, an employer must produce evidence that the Claimant was apprised of his medical release to a certain category of jobs, before Claimant is required to make a good faith attempt to secure those jobs. *See Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989).

The referee found that Claimant was aware of his being able to perform light duty work. Finding of Fact No. 21. This finding is supported by Dr. Sessoms' testimony which reveals that he did approve specific light-duty positions, including the Select Jewelry position. Dr. Sessoms Depo. pp. 11–20. Additionally, this finding is supported by the language of the referee who granted a supersedeas on August 15, 1986, which stated:

> Your referee hereby finds that the claimant remains totally disabled from performing his regular job as a laborer but is capable of performing light duty work. . . .

Because the referee's findings, with respect to Claimant's knowledge of his medical clearance to perform light duty work, are supported by substantial evidence, we conclude that the Board did not err in affirming the referee's modification award.

■ With respect to the fourth issue, Claimant contends that the Employer failed to prove that the Select Jewelry position was available to Claimant because there was no showing that the prospective employer would accept Claimant with his medical limitations, as required by *Young v. Workmen's Compensation Appeal Board*, 113 Pa.Commonwealth Ct. 533, 537 A.2d 393 (1988).

In *Young*, the Claimant was a proven methadone addict, who had suffered through seven major back operations, could not walk without a foot brace and cane, and had not worked in seven years. Further, there was an indication that none of the prospective employers would accept an application from claimant. This court properly held in that fact matrix that employer's job referral efforts fell short of the good faith requirements laid down by the supreme court in *Kachinski.*

In the instant case, a far different fact scenario occurred. The Claimant's pre-injury job involved physical duties as a laborer.

Claimant was able to perform light duty or sedentary work at the time of the hearings and the Select Jewelry job involved

sitting at a work bench performing repairs and fabrication of jewelry. The rehabilitation expert, in testifying about eleven specific job opportunities, described the position at Select Jewelry and indicated that Claimant never applied for it. Because the only medical restriction on Claimant was that he sit rather than stand, *Young* is distinguishable. The Claimant had no known physical impairments of the magnitude of *Young*. The rehabilitation expert testified that in searching for job opportunities, employers were contacted and limitations and capabilities of the employee discussed before the Claimant was notified of the job opening. Frederick J. Kountz, Depo. at 14. This testimony was not rebutted.

Therefore, we conclude that the Board did not err in affirming the referee's determination that Claimant was capable of performing the Select Jewelry position.

## II

The issues raised on appeal by the Employer are: 1) whether the referee erred in determining that Claimant's benefits should be modified instead of terminated; 2) whether the finding that Claimant suffered from psychological overlay causally related to his work injury was supported by substantial evidence; and 3) whether the referee's determination that Employer was required to pay medical expenses was in error.

With respect to the first issue, Employer argues that the referee improperly relied on Dr. Sessoms' testimony that Claimant remains disabled from heavy work, because Dr. Sessoms recanted his medical findings and failed to view a surveillance video, entered into evidence, of Claimant bending, squatting, and lifting heavy objects.

Dr. Sessoms without equivocation testified that Claimant was unable to return to his pre-injury job and could only perform light duty work. His explanations under cross-examination cannot be characterized as recanting and the final arbiter of his credibility and the probity of his testimony is the referee.

Therefore, we conclude that the referee acted within his province as fact-finder in relying on the testimony of Dr.

Sessoms to support his determination that Claimant's benefits should be modified instead of terminated.

With respect to the second issue, Employer argues that no substantial evidence exists to support the referee's finding that Claimant's psychological overlay was causally related to his work injury.

When substantial evidence is at issue, we must examine the entire record to determine if there is evidence which a rational person could accept to support the referee's findings. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *affirmed* 531 Pa. 287, 612 A.2d 434 (1992). Further, the referee is the ultimate fact-finder; questions of credibility and weight of the evidence are within the province of the referee who is free to accept or reject the testimony of any witness, in whole or in part, including medical witnesses. *Berry v. Workmen's Compensation Appeal Board (United Minerals & Grain Corporation)*, 144 Pa.Commonwealth Ct. 684, 602 A.2d 415 (1992).

In finding that Claimant suffered from a psychological overlay, the referee accepted the testimony of Drs. Wilder, Sessoms and DeLaney on November 30, 1988. Finding of Fact No. 20. Therefore, we conclude that the referee's findings with respect to Claimant's psychological overlay are supported by substantial evidence of record.

Finally, the question of payment of medical expenses is easily resolved. Having concluded that the referee's finding, that Claimant's psychological overlay was causally related to his work injury, is supported by substantial evidence, Employer is responsible for payment of medical expenses related thereto. Section 306(f) of the Act, 77 P.S. § 531.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, August 23, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

## ORDER

AND NOW, August 23, 1993, Petitioner's motion to dismiss Respondent's cross-petition for review is hereby denied.