632 A.2d 1033

**Lois SMITH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEPARTMENT OF LABOR AND INDUSTRY and State Workmen's Insurance Fund), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 1993.

Decided Oct. 19, 1993.

172

John G. Achille, for petitioner.

Karen M. Baskin, for respondents.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Lois Smith (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) that reversed a referee's decision granting total disability benefits for a psychic injury.

Claimant was employed, first as an interviewer, and subsequently as an Unemployment Claims Examiner I by the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security (Employer) between September 1, 1979, and October 2, 1987. Her promotion to Unemployment Claims Examiner I occurred on January 14, 1985. On October 4, 1987, while at her home, Claimant ingested an overdose of an anti-depressant and tranquilizing medication in an attempt to commit suicide.

On May 2, 1988, Claimant filed a claim petition for workers' compensation benefits alleging that abnormal conditions at work caused major depression which led to her suicide attempt. Service of notice of the claim was made to Employer by the Department of Labor and Industry on May 9, 1988.

Employer denied the allegations in Claimant's petition and a referee's hearing was held.

In support of the claim petition Claimant testified on her own behalf and presented the testimony of several co-workers as well as the deposition testimony of two of her medical providers. Claimant stated that during the time of her alleged injury the computer systems in her office were being updated, there were only two claims examiners in the office, one shy of the normal three person staff, and she had been contacted twice in the previous three months by a State Representative inquiring about the status of a constituent's claim. Claimant further testified that she is unable to perform the work activity required by her duties as a claims examiner. Claimant's co-workers also testified concerning the circumstances in the office at the time of the alleged injury. The two medical witnesses testifying on the Claimant's behalf were Dr. J.B. Johnston, M.D. (Dr. Johnston), a licensed psychiatrist, and Mr. Bruce R. Weatherly (Mr. Weatherly), a professional counselor. Dr. Johnston testified that he diagnosed Claimant as suffering major depression. Dr. Johnston opined that Claimant's psychiatric problems are work related and that she is precluded from returning to her former occupation as an unemployment claims examiner. Mr. Weatherly testified that he provided counseling services to her. Mr. Weatherly opined that Claimant is unable to return to work in the same capacity.

The referee found that "Claimant has been and remains disabled from performing her time-of-injury job as a direct result of the various stresses at work. . . . Referee's Decision, December 19, 1990, Finding of Fact (F.F.) No. 21. The Board reversed the referee's decision concluding that "we cannot say that the stress complained of by the Claimant represents an abnormal condition." Board's Decision, March 19, 1993, at 4.

On appeal Claimant contends: 1) that the allegations in her claim petition should be deemed admitted due to Employer's failure to file a timely answer pursuant to Section 416 of The

Pennsylvania Workmen's Compensation Act (Act)[1]; 2) that she suffers from major depression precipitated by specific, identifiable and abnormal events and that there is no corroborating evidence to support the Board's decision that Claimant's psychiatric illness is a subjective reaction to normal working events; 3) that the referee erred in calculating her average weekly wage; and 4) that Employer's appeal to the Board should have been stricken for failure to attach a copy of the referee's decision.

Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

Initially, Claimant contends that the allegations of her claim petition should be deemed admitted due to Employer's failure to file a timely answer as required by Section 416[2]. She relies on *Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 111 Pa.Commonwealth Ct. 24, 532 A.2d 1287 (1987) wherein this Court determined that where an employer files an untimely answer the allegations in the claim petition shall be deemed admitted. Unlike the present case the claimant in *Hildebrand* had properly objected to the untimely filing of the answer. Here, the issue was not raised before the referee until June 21,

1. Act of June 2, 1915, P.L. 736, 77 P.S. § 821, *as amended.*
2. Section 416 of the Act, 77 P.S. § 821, provides the following:
 Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.
 Every fact in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or all of them to deny a fact alleged in any other petition shall not preclude the referee before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

1989 [3], fourteen months after Employer's answer had been filed and all evidence was received. Further, a review of the record indicates that Claimant failed to raise this issue before the Board. Pa.R.A.P. 1551 provides in pertinent part that "[n]o question shall be heard or considered by the court which was not raised before the government unit...." Because Claimant failed to preserve this issue by timely objection before the referee and on appeal before the Board we are precluded from reaching its merits. *See Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989); *Hemer v. Workmen's Compensation Appeal Board (Phillis and J. Miller Express., Inc.)*, 71 Pa.Commonwealth Ct. 174, 454 A.2d 225 (1983).

 Claimant next contends that she suffers from major depression precipitated by specific, identifiable and abnormal events and that there is no corroborating evidence to support the Board's decision that her psychiatric illness is a subjective reaction to normal working conditions. In *Marsico v. Workmen's Compensation Appeal Board (Department of Revenue)*, 138 Pa.Commonwealth Ct. 352, 588 A.2d 984 (1991), we noted that Pennsylvania has adopted an objective test for determining whether a psychic injury is compensable. *Id.* at 358, 588 A.2d at 987. Absent physical injury as a precursor a claimant must prove actual extraordinary events occurred at work which caused the injury, or that abnormal working conditions over a long period of time caused the injury. *Id.* The question of whether a claimant's exposure to abnormal working conditions caused a work-related disability is a mixed question of law and fact, which is reviewable by this Court. *Jeanes Hospital v. Workmen's Compensation Appeal Board (Miller)*, 141 Pa.Commonwealth Ct. 308, 595 A.2d 725 (1991), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992). Abnormal working conditions must be proved by objective evidence and cannot be established by Claimant's subjective reactions to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 519, 568 A.2d 159, 164–165 (1990)

3. F.F. No. 2.

(citing *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.),* 91 Pa.Commonwealth Ct. 471, 475–76, 497 A.2d 290, 292 (1985), *petition for allowance of appeal denied,* 516 Pa. 637, 533 A.2d 95 (1987)).

In the present controversy Claimant's co-workers testified that she voluntarily assumed extra duties while at work.[4] Claimant testified that she felt it was her duty to assist others. N.T. at 28. Claimant's co-worker also testified that a call from a State Representative was not unique in that office.[5]

4. J. Michael King, Claimant's attorney, to Toni Emrick:
 Q: So that, in essence, what Lois did in the office would be unique to her own position and her duties would not be exactly the same as the other examiners?
 A: I really can't say that, no. I would say that they all had the same responsibilities; how they handled their responsibilities were probably different. In other words, what responsibility they felt toward doing another interviewer's job would be handled differently by each examiner.
 Q: As I understand your testimony, then, Lois was probably at least as conscientious or more conscientious than the other examiners and, therefore, had a tendency to assume a greater workload than the other examiners?
 A: Again, I cannot say she assumed a greater work load because you can only do so much in seven-and-a-half hours a day. But I will say that she assumed responsibility of her own to help out the interviewers, mostly without being directed, where the other examiners would wait until I would go to them and say, "Will you go up and help out on the line because it's long." But Lois would be up there before I asked. That's basically what I would say.
 Notes of Testimony, October 27, 1988, (N.T.) at 8–9.

5. J. Michael King, Claimant's attorney, to Toni Emrick:
 Q: Is it a fairly unique or unusual situation when a representative intercedes on behalf of a particular claimant, seeks some performance by the office?
 A: Well, unfortunately, it's not necessarily unique, it happens.... I know that Mrs. Smith had a great deal of trouble dealing with that at the time. It happens. It doesn't happen that frequently, but it does happen.
 Q: And that was shortly followed by this incident with Representative Black that you have testified about?
 A: Right. I'm not sure of the time frame, but it was close, within three months anyway, I would say.
 Q: I guess that's unusual to the extent that it's not a normal operating procedure here?
 A: No, it's not. Well, if it happens, you know, you can't say when it's going to happen, but it was unusual for it to happen very often.
 N.T. at 13–14.

No one implies that such intervention was improper. Some of the events experienced by Claimant may have been traumatic for her but we find no error in the Board's conclusion that Claimant's condition is a subjective reaction to normal working conditions.

■ Lastly Claimant contends that Employer's appeal to the Board should have been stricken for failure to attach a copy of the referee's decision. 34 Pa.Code § 111.11 states the following:

(a) An appeal to the Board shall be filed with the Board on a form provided by the Board or on a form containing substantially the following information:

. . . . .

(5) Identification of the referee whose decision is in question, including as an attachment, a copy of that referee's decision.

A review of the record indicates that Employer's attorney attached a letter of explanation to the appeal which stated that due to a clerical error in her office she did not have a copy of the referee's decision available at the time. And the record indicates that this error was subsequently cured when Employer's attorney was able to obtain a copy of the decision. Further, Claimant does not allege any prejudice resulted from this temporary noncompliance nor could she since Claimant herself took an appeal from the referee's decision wherein she made reference to specific paragraphs in the referee's decision. Lastly, because we are affirming the Board's denial of benefits to Claimant, we need not address Claimant's remaining argument that the referee miscalculated her average weekly wage.

Accordingly, we affirm the decision of the Board.

## ORDER

AND NOW, this 19th day of October, 1993, the order of the Workmen's Compensation Appeal Board at No. A91–0074, dated March 19, 1993, is affirmed.