**JONATHAN SHEPPARD STABLES,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (WYATT),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1999.
Decided Sept. 13, 1999.
Reargument Denied Nov. 19, 1999.

Brittany Fenkel, Philadelphia, for petitioner.

George Zumbano, West Chester, for respondent.

Before SMITH, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Jonathan Sheppard Stables (Employer) appeals from the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting Timothy Wyatt's (Claimant) remanded amended claim petition for disability benefits under the Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

On September 16, 1991, Claimant filed a claim petition for benefits in which he alleged that he sustained a compensable injury while in the course of his employment as a jockey and stable helper for Employer. In the petition, Claimant alleged that after he left Delaware Park Race Track, where he exercised and trained horses for Employer, he was involved in an automobile accident while on his way to Employer's horse farm to exercise another horse. As a result of the accident, Claimant alleged that he suffered multiple facial fractures and displaced segmental fractures of the right leg. Employer filed an answer to the claim petition denying all of the material allegations raised therein.

Hearings were conducted before a WCJ on Claimant's petition. Claimant amended his petition to include a request for specific loss benefits for permanent scarring of the neck and face as a result of the accident. In support of the petition, Claimant testified and presented the testimony of the owner of the farm, a co-worker, and Dr. Erick Hume, a board certified orthopedic surgeon. Employer did not present any witnesses in opposition to the petition. In fact, the parties stipulated that Claimant's facial scarring is permanent and that he was temporarily totally disabled during the period from July 13, 1991 through June 12, 1992.

Based on the evidence presented, the WCJ found that Claimant was employed by Employer as a jockey and stable helper. On the morning of July 13, 1991, he was at the Delaware Park Race Track helping to train horses for Employer. At approximately 12:30 p.m., he left the track and drove in his own car to Employer's farm to exercise a horse named Eton that he intended to ride in an upcoming race at Saratoga Race Track. While en route, he was involved in a head-on collision approximately one half mile from Employer's farm.

Claimant suffered extensive injuries as a result of the accident including multiple facial fractures and compound fractures in his right leg. Claimant's injuries required surgery including a tracheotomy to help him breathe. The tracheotomy left a scar approximately two inches long at the base of the front of his neck. Claimant also was left with a raised vertical scar approxi-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

mately one inch long on the left side of his nose near his left eye. On or about June 12, 1992, Claimant was able to return to his regular duties without a loss of earning power.

The owner of the farm testified that Claimant sometimes exercised Eton and was scheduled to ride Eton in the race at Saratoga. However, riding Eton was a voluntary activity on Claimant's part, and was done in Claimant's spare time without pay and was not part of his normal employment duties. On the days that Claimant worked at Delaware Park, when he finished his work at that site he was neither required nor expected to return to Employer's farm to work the rest of the day. In addition, Claimant could exercise Eton on his own time and only with the permission of the barn manager. On the day of the accident, Claimant had not called ahead to ask permission to exercise Eton or to inquire whether Eton had already been exercised that day.

The WCJ found the farm owner's testimony to be credible with regard to Claimant's employment status at the time of the accident. Specifically, the WCJ credited his testimony that Claimant's work day was finished at the time he left Delaware Park, and exercising Eton was not a part of his regular work duties. As a result, the WCJ concluded that Claimant was not acting in furtherance of Employer's business or affairs at the time of the accident, and that he was injured while he was engaged in a personal activity and not while he was in the course and scope of his employment with Employer. Accordingly, on March 18, 1994, the parties were mailed a copy of the WCJ's Decision dismissing Claimant's claim petition.

On April 6, 1994, Claimant appealed the WCJ's decision to the Board. On February 17, 1995, the Board issued an order and opinion disposing of Claimant's appeal. In the opinion, the Board noted that although the WCJ had determined that Claimant was not in the scope of his employment when he was injured, the WCJ

did not specifically state why this determination was made. As a result, the Board issued an order remanding the matter to the WCJ to make a specific finding of fact with regard to the purpose of Claimant's travel from Delaware Park to Employer's farm.

Upon remand from the Board, hearings were conducted before the WCJ. In support of the claim petition, Claimant testified and presented the testimony of a paralegal for Claimant's counsel, and Employer's farm manager. Employer presented the testimony of the owner of the farm in opposition to the petition.

Claimant testified that after he exercised the horses at Delaware Park on the day of the accident, he returned to Employer's farm to exercise Eton for the race at Saratoga. He took riding equipment with him in order to exercise Eton. He also stated that riding Eton and other horses at Employer's farm was part of his job with Employer.

The paralegal for Claimant's counsel testified that three or four days after the accident, she examined Claimant's car at a salvage facility and saw riding equipment in the back seat and trunk of the car. Employer's farm manager testified that Claimant routinely returned to Employer's farm in the afternoon from Delaware Park to train horses in preparation for racing. He also stated that he expected to see Claimant at the farm on the day of the accident to train a number of horses, including Eton.

The farm owner testified that Claimant's work duties were limited to the work conducted at Delaware Park in the morning each day. He stated that he had an agreement with Claimant that allowed Claimant to ride Eton on his own time after completing his duties at Delaware Park. He also stated that Claimant received no extra compensation for riding Eton at the farm, and that any money earned from racing the horse at Saratoga would come from Eton's owners and not Employer. Howev-

er, he also admitted that if Eton or any other horse that is trained at Employer's farm does well in a race, it would benefit Employer by helping its business reputation.

On June 10, 1996, the WCJ issued a decision disposing of Claimant's claim petition. In the decision, the WCJ specifically found as credible the testimony of Claimant, the paralegal for Claimant's counsel and Employer's farm manager. The WCJ also determined that: Claimant's training of horses at Employer's farm in preparation for racing ultimately benefited Employer if the horses did well; although Claimant had finished his duties at Delaware Park on the day of the accident and was not paid for exercising the horses at the farm, he was given permission by Employer to exercise or train the horses for upcoming races; and Employer derived benefit from Claimant's training activities with the horses, including Eton, if the horses did well at the races. As a result, the WCJ found that Claimant sustained his injuries while actually engaged in the furtherance of Employer's business or affairs, and awarded both specific loss benefits due to disfigurement and total disability benefits for the period of July 13, 1991 to June 12, 1992.

On July 11, 1996, Employer appealed the WCJ's decision to the Board. On January 22, 1999, the Board issued an order and opinion affirming the WCJ's decision. Employer then filed the instant appeal in this court.

In this appeal, Employer claims [2] that the Board erred in affirming the WCJ's decision because: (1) the WCJ exceeded the scope of the Board's remand order by allowing the admission of new testimony; (2) the WCJ erred as a matter of law in determining that Claimant was in the course of his employment at the time of the accident; (3) the WCJ erred in awarding specific loss benefits due to disfigurement as Employer was not notified of the claim within 120 days after the accident;

(4) the WCJ's determination that Claimant was in the course of his employment at the time of the accident is not supported by substantial evidence; and (5) the WCJ's award of specific loss benefits due to disfigurement for the scar on Claimant's neck is not supported by substantial evidence.

■ We initially note that in workers' compensation cases, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, appeal board procedure was violated, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is any relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988).

■ Where, as here, the Board has not taken additional evidence, the WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa. Cmwlth. 451, 479 A.2d 631 (1984). The authority of the WCJ over questions of credibility, conflicting testimony and evidentiary weight is unquestioned. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383 (Pa.Cmwlth.1995). As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703 (Pa.Cmwlth.1995). Moreover, determinations of the WCJ as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Id.; Hayden.*

**2.** In the interest of clarity we reorder the     claims raised by Employer in this appeal.

In the instant appeal, Employer first claims that the Board erred in affirming the WCJ's decision because: (1) the WCJ exceeded the scope of the Board's remand order by allowing the admission of new testimony; (2) the WCJ erred as a matter of law in determining that Claimant was in the course of his employment at the time of the accident; (3) the WCJ erred as a matter of law in awarding specific loss benefits due to disfigurement as Employer was not notified of the claim within the statutorily prescribed period of time. However, Employer has not preserved these claims for our review.

As noted above, Employer filed an appeal to the Board of the WCJ's grant of disfigurement benefits and total disability benefits pursuant to the provisions of section 423(a) of the Act.[3] With regard to such appeals to the Board, Section 111.11(a)(2) of Title 34 of the Pennsylvania Code states, in pertinent part:

> (a) An appeal to the Board shall be filed with the Board on a form provided by the Board or on a form containing substantially the following information:
>
> * * *
>
> (2) *A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.*

34 Pa.Code § 111.11(a)(2) (emphasis added).

**3.** Section 423(a) of the Act provides, in pertinent part:

> Any party in interest may, within twenty days after notice of a workers' compensation judge's adjudication shall have been served upon him, take an appeal to the board on the ground: (1) that the adjudication is not in conformity with the terms of

In this case, the appeal form submitted to the Board by Employer states, in relevant part:

**TO THE WORKMEN'S COMPENSATION APPEAL BOARD, HARRISBURG, PENNSYLVANIA:**

I hereby appeal from the decision of Judge *Lloyd P. Nyce* and allege the following findings of fact are in error and are not supported by substantial evidence, or contain other errors as specifically set forth below. A copy of the Judge's decision is *attached.*

*3, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 . . .*

I hereby appeal from the decision of Judge *Lloyd P. Nyce* and **specify the following errors of law committed by said Judge, and the reasons why the decision does not conform to the provisions of the Workers' Compensation Act** or the Occupational Disease Act. A copy of the Judge's decision is *attached.* **2–10** . . .

Appeal from Judge's Findings of Fact and Conclusions of Law at 1 (emphasis added). In addition, we note that the back of the appeal form used by Employer declares that an "...appellant must set forth specifically and fully the errors o[f] which he/she complains..." *Id.* at 2.

Recently, we determined that a claimant waived the issue of *res judicata,* because he failed to preserve the issue in the appeal documents filed with the Board. *See Williams v. Workmen's Compensation Appeal Board (Green Construction Co.),* 687 A.2d 428 (Pa.Cmwlth.1997). In doing so, we declared that the waiver doctrine is applicable in workers' compensation proceedings based on the Pennsylvania Supreme Court's opinion in *Smith v.*

> this act, or that the workers' compensation judge committed any other error of law; (2) that the findings of fact and adjudication was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest...

77 P.S. § 853.

*Workmen's Compensation Appeal Board (Concept Planners & Designers),* 543 Pa. 295, 670 A.2d 1146 (1996). In *Smith,* the court held that an employer's failure to timely raise the statute of limitations defense set forth in section 413(a) of the Act[4] constituted a waiver of that issue. *Smith,* 543 Pa. at 300–301, 670 A.2d at 1148–1149.

█ In this case, Employer utterly failed to raise any of the foregoing claims of error with any degree of specificity in its appeal to the Board.[5] Because Employer failed to properly raise and preserve these issues, they have been waived for purposes of appeal. *Williams;* 34 Pa. Code § 111.11(a)(2). *See also Lewistown Hospital v. Workmen's Compensation Appeal Board (Kuhns),* 683 A.2d 702 (Pa. Cmwlth.1996) (Employer waived the issue of whether the Board erred in denying credit for disability payments it had made to the claimant where it did not request credit for the payments and it failed to raise the issue in its notice of appeal to the Board.) *But cf. Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.),* 713 A.2d 182 (Pa.Cmwlth.1998) (Even if a claimant's failure to file a brief before the Board constituted a waiver of an issue, such failure did not interfere with this court's ability to exercise effective appellate review and the issue could be addressed on the merits.); *Garnett v. Workmen's Compensation Appeal Board (Equitable Gas Company),* 158 Pa. Cmwlth. 100, 631 A.2d 705 (1993) (Employer's notice of appeal to the Board sufficiently notified the Board and the claimant of the issues upon which the employer based its appeal even though the notice only listed by number the findings of fact and conclusions of law at issue in the case.) As a result, we will not consider the first three claims raised by Employer in this appeal.[6]

---

4. 77 P.S. § 772.

5. As noted above, in specifying the errors of law committed by the WCJ and the reasons why his decision does not conform to the provisions of the Act, Employer merely stated "2–10" on the appeal form to the Board. *See* Appeal from Judge's Findings of Fact and Conclusions of Law at 1. It is unclear as to what "2–10" is meant to convey as a basis for the appeal to the Board, and such a cryptic assertion clearly does not specify the errors of law committed by the WCJ or why his decision does not conform to the provisions of the Act.

6. As a corollary to the foregoing, it is important to note the provisions of Rules 1551 and 2117 of the Pennsylvania Rules of Appellate Procedure. Rule 1551(a) states, in pertinent part, that "[n]o question shall be heard or considered by the court which was not raised before the government unit..." Pa.R.A.P. 1551(a). We have repeatedly determined that the failure of a party to raise a claim of error before the Board constitutes a waiver of that claim for purposes of appeal to this court. *See, e.g., Smith v. Workmen's Compensation Appeal Board (Department of Labor and Industry),* 159 Pa.Cmwlth. 171, 632 A.2d 1033 (1993), *petition for allowance of appeal denied,* 537 Pa. 669, 644 A.2d 1205 (1994); *Dugan v. Workmen's Compensation Appeal Board (Fuller Company of Catasauqua),* 131 Pa.Cmwlth. 218, 569 A.2d 1038 (1990); *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward),* 127 Pa.Cmwlth. 587, 562 A.2d 437 (1989). More importantly, however, we have specifically determined that the recitation of a claim of error in the notice of appeal to the Board renders that claim a question that was "raised before the government unit" within the meaning of Rule 1551(a). *See Sheridan* (A claimant's failure to file a brief with the Board does not constitute a waiver of a claim raised on appeal as he raised the issue in his notice of appeal to the Board which rendered the issue a question that was "raised before the government unit" within the meaning of Pa.R.A.P. 1551(a).) *See also Bell v. Workmen's Compensation Appeal Board (Allegheny County Housing Authority),* 152 Pa.Cmwlth. 636, 620 A.2d 589 (1993) (A claimant preserved an issue for appeal by including it in her Appeal from Referee's Findings of Fact and Conclusions of Law.)

In addition, Rule 2117 of the Rules of Appellate Procedure states, in pertinent part:

(c) **Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:

(1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.

The remaining claims raised by Employer in this appeal relate to whether the Board erred in affirming the WCJ's decision because determinations made by the WCJ are not supported by substantial evidence. In particular, Employer contends that the WCJ's determination that Claimant was in the course of his employment at the time of the accident is not supported by substantial evidence, and the WCJ's award of specific loss benefits due to disfigurement for the scar on Claimant's neck is not supported by substantial evidence. As noted above, in the appeal form filed with the Board, Employer alleged, *inter alia,* that Findings of Fact Nos. 4, 5, 7, 12, 13, 14, 16, 17, 18, 19, and 21 were not supported by substantial evidence. As all of the foregoing findings relate to the claims raised in this appeal, they have been properly preserved for our review.

In this case, the WCJ made the following relevant findings of fact: Claimant's riding of Eton and other horses at Employer's farm was part of his job with Employer; Claimant routinely returned to Employer's farm in the afternoon from Delaware Park in order to train horses in preparation for racing; riding equipment was found in Claimant's wrecked car; Claimant received Employer's permission to train the horses at the farm in the

afternoon; Claimant's training of horses at Employer's farm in preparation for racing would ultimately benefit Employer if the horses, including Eton, performed well in a race; and, as a result of the accident, Claimant suffered serious and permanent disfigurement of his neck and face of such a character to produce an unsightly appearance, and such is not usually incident to his employment.

■ All of the foregoing findings of fact are supported by competent evidence of record. As a result, they are not subject to appellate review. *Greenwich Collieries; Hayden.*

■ Moreover, all of the foregoing findings of fact support the award of specific loss benefits due to disfigurement, and total disability benefits for the period of July 13, 1991 to June 12, 1992. *See, e.g., Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse),* 718 A.2d 397 (Pa.Cmwlth.1998) (Claimant injured while traveling between two fixed places of employment for her employer as required by her job duties was entitled to compensation benefits because the injuries were sustained in the course of employment.); *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton),* 142 Pa.Cmwlth. 531, 597 A.2d 1241 (1991) (same); *United States Steel Corporation v.*

---

(2) The method of raising them (e.g. by a pleading, by a request to charge and exceptions, etc.).

(3) The way in which they were passed upon by the court.

(4) *Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal...*

Pa.R.A.P. 2117(c) (emphasis added).

Employer states the following in the Statement of the Case portion of the brief filed in this court in support of the instant appeal:

Employer appealed the WCJ's Decision to the Appeal Board. Within its Appeal, employer argued, *inter alia,* that claimant was not in the course and scope of his employment when he was injured on July 13, 1991.

Furthermore, employer argued that claimant presented no evidence as to notice of his alleged disfigurement to the employer with[in] 120 days, as required by the [Act]...

Brief of Appellant at 5.

Thus, Employer has utterly failed to state where in the record the foregoing claims were raised before the Board as required by Rule 2117(c). Presumably, Employer failed to include such references to the record because there is nothing in the certified record which demonstrates that the foregoing claims were properly raised or preserved in Employer's appeal to the Board. If Employer raised these claims in its brief to the Board, Employer "[c]ould have requested that the Board certify and transmit a supplemental record containing [its] brief to this Court pursuant to Pa.R.A.P.1926." *Williams,* 562 A.2d at 439, n. 3.

Workmen's Compensation Appeal Board (Gouker), *52 Pa.Cmwlth. 641, 416 A.2d 619 (1980) (Permanent disfiguring scar located ½ inch above the juncture of the clavicle and the sternum entitled the claimant to specific loss benefits due to disfiguring scar on the neck.)* Thus, the Board did not err in affirming the WCJ's decision in this case.

Accordingly, the order of the Board is affirmed.

### *O R D E R*

AND NOW, this 13th day of September, 1999, the order of the Workers' Compensation Appeal Board, dated January 22, 1999 at No. A96–2641, is affirmed.