IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl Freeman, : 
               Petitioner : 
            : 
        v. :   No. 1349 C.D. 2019
            :   Submitted: January 17, 2020
Workers' Compensation Appeal Board : 
(Sava SeniorCare and Ace American : 
Insurance Company and Gallagher : 
Bassett Services), : 
              Respondents : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL W. WOJCIK, Judge
             HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: July 10, 2020

Cheryl Freeman (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied Claimant's review petition and granted the termination petition of SAVA SeniorCare, Gallagher Bassett Services and Ace American Insurance Company (collectively, Employer). In affirming the decision of the Workers' Compensation Judge (WCJ), the Board held that Claimant waived all issues, except whether the WCJ's findings of fact were supported by substantial evidence. Claimant contends that the Board erred in its waiver determination and, accordingly, she presents those issues to this Court. We affirm the Board.

On December 27, 2016, Claimant began working full-time for Employer as a certified nursing assistant (CNA). On January 9, 2017, Claimant felt

pain in her lower back and legs while lifting a patient from a bed. On January 27, 2017, Employer issued a notice of temporary compensation payable (NTCP) acknowledging an injury to Claimant's "Lower Back Area."[1] Reproduced Record at 27a (R.R. __). Upon the expiration of 90 days, the amended NTCP automatically converted to a notice of compensation payable (NCP). Claimant collected disability compensation pursuant to the Workers' Compensation Act (Act)[2] at the rate of $506.67 weekly.

On November 20, 2017, Employer filed a termination petition, alleging that Claimant had fully recovered from her work injury and, based on an independent medical examination (IME), was able to return to work as of June 29, 2017. On November 20, 2017, Claimant filed a review petition to amend the description of her injury "to be consistent with the opinions of all of her treating providers." R.R. 95a. The two petitions were consolidated for a hearing before the WCJ.

Claimant testified by deposition on December 12, 2017, and in person before the WCJ on January 29, 2018. At the deposition, Claimant testified that at the time of the work injury, she was taken to the hospital by ambulance and underwent magnetic resonance imaging (MRI) of her spine. The hospital released her the following day. Thereafter, through Employer's WorkNet program, she saw a physician, who prescribed physical therapy. He later referred her to an orthopedic surgeon. A chiropractor at a pain management center prescribed OxyContin for Claimant's pain.

---

[1] An amended NTCP was filed acknowledging the identical injury.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710. Claimant's average weekly wage included wages from Employer and wages from a concurrent part-time employer. Claimant and Employer determined the amount of her total wages by stipulation.

2

Claimant returned to light-duty work for one day, assigned to pick up food trays and place them onto a cart. However, her back and leg pain prevented her from doing the job. Claimant testified that she believes she will be dealing with the pain for the rest of her life.

At the WCJ hearing, Claimant testified that on January 3, 2018, she began treating with Randall N. Smith, M.D., a board-certified orthopedic surgeon. Dr. Smith prescribed physical therapy three times per week. Claimant stated that the physical therapy helped "a little," but she remained unable to work. Notes of Testimony (N.T.), 1/29/2018, at 13; R.R. 205a. At no time has she been prescribed a back brace or an assistive device.

Claimant presented the deposition testimony of Dr. Smith, who first examined Claimant on January 3, 2018. He reviewed her medical records and determined she had underlying degenerative changes in her spine at multiple levels that made her susceptible to the type of injury she sustained at work. When Claimant lifted the patient, her muscles went into a spasm, her nerves were pinched and her discs were damaged. Dr. Smith opined that her degenerative condition was aggravated by the work injury, leading to muscle spasms and sciatica. He believed Claimant's prognosis is poor because a year had elapsed since the work injury and she had not responded well to physical therapy and chiropractic care. He doubted that Claimant would ever be able to return to work as a CNA.

Employer presented the deposition testimony of Christian I. Fras, M.D., a board-certified orthopedic surgeon who did an independent medical examination (IME) of Claimant on June 29, 2017. At the IME, Claimant complained of pain in her back, buttocks and thighs. Dr. Fras testified that thigh pain is not typically associated with sacroiliac strain. Claimant's MRI showed degenerative changes and

3

disc bulges, but no disc herniations or trauma. He opined that none of Claimant's conditions indicated on the MRI were work-related, because they were all degenerative in nature.

Claimant's medical records included an electromyography (EMG) done on March 22, 2017, and on April 6, 2017. The first EMG showed bilateral L-4 radiculopathy. The second EMG was normal, with no evidence of radiculopathy. Dr. Fras concluded that Claimant sustained a low back strain at work, from which she had fully recovered. He stated that there was no objective support for Claimant's complaints of pain, noting that her straight leg raising test showed no neurologic derangement.

The WCJ found Claimant credible in her description of her work injury and her initial disability. However, based on her demeanor, the WCJ did not credit Claimant's testimony about her continued disability. The WCJ found Claimant's asserted inability to work more than one day at a light-duty job was inconsistent with her ability to drive, engage in activities of daily life and complete physical therapy.

The WCJ found Dr. Fras more credible and persuasive than Dr. Smith. Importantly, Dr. Fras reviewed the MRI films, and Dr. Smith did not. Dr. Fras also explained why Claimant's pain complaints did not support a finding of disability. Dr. Smith merely based his opinion on Claimant's subjective complaints of pain. Based on these findings, the WCJ granted Employer's termination petition, concluding that Claimant fully recovered from her work injury as of June 29, 2017.

Regarding Claimant's review petition, the WCJ concluded that Claimant did not sustain her burden of proving that she had sustained any additional

4

injuries.[3]  The WCJ held the work injury was limited to a lumbar strain and sprain and denied Claimant's review petition.

> Claimant appealed to the Board.  Her appeal stated, in full, as follows:
>
> Reasons for Filing an Appeal
>
> Findings of Fact:
>
> I hereby appeal from the decision of [the WCJ] and allege the following findings of fact are in error and are not supported by substantial evidence, or contain other errors as specifically set forth below.  A copy of the [WCJ's] decision is attached.
>
> 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22.
>
> OR see the attached document
>
> Errors of Law:
>
> I hereby appeal from the decision of [the WCJ] and specify the following errors of law committed by the said [WCJ], and the reasons why the decision does not conform to the provisions of the Workers' Compensation Act [.] A copy of the [WCJ's] decision is attached.
>
> 2, 3, 5.
>
> OR see the attached document.

R.R. 217a (emphasis omitted).[4]  In her brief to the Board, Claimant asserted that her work injury included her lower back and legs; thus, the WCJ erred by omitting to make factual findings about her leg condition.  Claimant attached medical records from several medical facilities to her review petition that included herniated discs,

---

[3] Claimant's petition for review does not list any specific injury.  She sought "to amend the description of her injury to be consistent with the opinions of all of her treating providers."  R.R. 95a.

[4] No documents were attached.

acute lumbar stenosis, neural foraminal narrowing and sacroiliac strain. However, the WCJ did not address these records. Claimant argued that the WCJ erred in considering only Dr. Smith's testimony in deciding her review petition.

Employer responded that all of Claimant's claims were waived for lack of specificity in her appeal document, except for her claim that the WCJ's findings of fact were not supported by substantial evidence. Moreover, the NTCP listed the accepted work injury as a lower back injury. Notably, Claimant never introduced any of the medical records into the record that had been attached to her review petition. Moreover, her counsel stated at the hearing that Claimant was not seeking to add "a new body part[;]" rather, the injury was "still the low back." N.T., 1/29/2018, at 16; R.R. 208a. Counsel also stated he was "going to rely on Dr. Smith's deposition testimony" to support the review petition. *Id*.

The Board held that Claimant's notice of appeal lacked specificity and all issues were waived, except for the claim that the WCJ's factual findings were not supported by substantial evidence. Noting that the WCJ credited the testimony of Dr. Fras, the Board held this testimony constituted substantial evidence of Claimant's full recovery. The Board affirmed the WCJ's decision to grant Employer's termination petition and deny Claimant's review petition. Claimant petitioned for this Court's review.

On appeal,[5] Claimant argues that Employer failed to object timely to the sufficiency of her notice of appeal to the Board and, thus, should have been barred from raising its waiver argument. Claimant also contends the WCJ's findings

---

[5] This Court's review of an order of the Board determines whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

of fact are not supported by substantial evidence because Dr. Fras did not acknowledge all of Claimant's accepted injuries.

We begin with a review of the law regarding waiver. Pennsylvania Rule of Appellate Procedure 1551(a) precludes this Court from considering issues "not raised before the government unit." PA. R.A.P. 1551(a). To raise an issue before the Board, a claimant must provide:

> A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code §111.11(a)(2). We have held that merely listing the numbers of the findings of fact or conclusions of law in the WCJ decision that are challenged constitutes a failure to raise any claim "with any degree of specificity in [an] appeal to the Board." *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999) (internal footnote omitted).[6] Issues lacking the requisite specificity are waived on appeal. *Id.*

Here, Claimant concedes that her notice of appeal lacked specificity but rejoins that she provided that specificity in her brief with the Board. Because Employer did not challenge the sufficiency of her appeal until after her brief was filed, the Board should have precluded Employer's waiver argument. Employer responds that Claimant cannot cure a deficiency in her appeal with a brief.

In *Matticks v. Workers' Compensation Appeal Board (Thomas J. O'Hora Company, Inc)*, 872 A.2d 196 (Pa. Cmwlth. 2005), the employer filed an

---

[6] In *Jonathan Sheppard Stables*, the employer in its appeal form listed the WCJ's findings that allegedly were in error and not supported by substantial evidence; specified that the WCJ committed errors of law; and attached a copy of the WCJ's decision to the appeal form.

appeal with the Board, listing the WCJ's findings of fact that allegedly were not supported by substantial evidence and the WCJ's conclusions of law that allegedly contained errors. The employer also attached a copy of the WCJ's decision to the appeal form. Then, in its brief to the Board, the employer developed its issues.

The Board held that the employer effectively waived its arguments by not raising them in the appeal document. *Id.* at 201. This Court agreed. "The fact that [the employer] may have argued the issues in its brief to the Board [was] unavailing as it failed to comply with 34 Pa. Code §111.11(a)." *Matticks*, 872 A.2d at 202. Given our holding in *Matticks*, we are constrained to reject Claimant's argument that her brief with the Board cured the lack of specificity in her appeal.

In her second issue, Claimant argues that the WCJ erred because he did not acknowledge all of Claimant's accepted injuries. Specifically, Claimant argues that Employer accepted an injury to her back and legs, but the WCJ addressed only the back injury.

Employer responds that the NTCP, which later converted to a NCP, identified Claimant's work injury as the "Lower Back Area." R.R. 27a. Claimant sought to add a leg injury to the accepted work injury, but she did not raise that issue in her notice of appeal filed with the Board. Accordingly, the only question before the Court is whether the WCJ's finding that the accepted work injury consisted only of a back injury is based on substantial evidence of record. Employer argues that the WCJ's finding in this regard was based upon the NTCP and, thus, supported by substantial evidence.

We agree with Employer. The only issue is whether the WCJ's findings of fact were based on substantial evidence. "Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."

8

*McCabe v. Workers' Compensation Appeal Board (Department of Revenue),* 806 A.2d 512, 515 (Pa. Cmwlth. 2002). The WCJ's finding that the sole accepted work injury was a back injury is based on the express language of the NTCP and, thus, supported by substantial evidence. We reject Claimant's second allegation of error.

For all the above reasons, the adjudication of the Board is affirmed.


_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl Freeman, :
          Petitioner :
           :
          v. : No. 1349 C.D. 2019
           :
Workers' Compensation Appeal Board :
(Sava SeniorCare and Ace American :
Insurance Company and Gallagher :
Bassett Services), :
          Respondents :

# **O R D E R**

AND NOW, this 10th day of July, 2020, the adjudication of the Workers' Compensation Appeal Board, dated August 29, 2019, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge