**Shawn E. OLIVER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 4, 2011.

Decided Aug. 17, 2011.

Lauren M. Hoye, Philadelphia, for petitioner.

Shawn J. Jayman, Harrisburg, for respondent.

Kelly T. Kindig, Philadelphia, for intervenor the Philadelphia Housing Authority.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

Shawn E. Oliver (Claimant) petitions for review of the July 15, 2010, order of the Unemployment Compensation Board of Review (UCBR) reversing the decision of a referee to award Claimant unemployment compensation benefits. The UCBR concluded that Claimant was ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law).[2] We affirm.

Claimant worked as a maintenance superintendent for The Philadelphia Housing Authority (Employer) from August 1, 1980, through October 30, 2009. (UCBR's Findings of Fact, No. 1.) During his tenure with Employer, Claimant was a member of AFSCME District Council, Local No. 2186 (Union). (UCBR's Findings of Fact, No. 3.) Union and Employer were parties to a collective bargaining agreement (CBA) that covered wages, hours, and terms and conditions of employment of Union members, including Claimant. (UCBR's Findings of Fact, No. 4.) After the CBA expired in March 2008, negotiations between Union and Employer were ongoing for a successor CBA. (UCBR's Findings of Fact, Nos. 4–5.) Union and Employer were also parties to a side agreement, which provided that the pension of a covered employee retiring before November 1, 2009, would be calculated using the employee's wages during his last three years of employment. (UCBR's Findings of Fact, Nos. 6–7.)

Claimant, who was forty-seven years old, contacted Employer's employment administrator, Pamela Gibson, and learned that his pension would be rolled back if he worked past November 1, 2009. Claimant asked Gibson what his monthly pension benefit would be if he were to retire before and after that date. (UCBR's Findings of Fact, Nos. 2, 8–9.) Before November 1, 2009, Claimant's monthly pension benefit would be $3,051.46; if Claimant resigned after that date, his monthly pension benefit would be $2,705.34. (UCBR's Findings of Fact, No. 10.) At the hearing before the referee, Claimant admitted that, had he worked until age fifty-five, his pension benefits would have been more than if he retired before November 1, 2009. (UCBR's Findings of Fact, No. 11.)

As of October 2009, Union and Employer had not yet negotiated a new CBA. One issue that the parties were still negotiating was a change to Employer's pension plan. (UCBR's Findings of Fact, No. 12.) On October 30, 2009, Claimant resigned from his employment because he believed that if he did not retire on that date, he would lose pension money. (UCBR's Findings of Fact, No. 13.)

Claimant filed a claim for unemployment benefits, which was denied by the local service center. Claimant appealed to the referee. After an evidentiary hearing, the referee reversed and awarded Claimant benefits. The referee found that Claimant voluntarily retired "because the sweetheart deal he received under the current contract was set to expire," which would

---

1. This case was reassigned to the authoring Judge on July 8, 2011.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

have resulted in a $300–per–month loss in pension benefits if he remained employed. (Referee's Decision/Order at 2.) Noting that "[a]ny reasonable person in Claimant's situation would have done the same thing," (*id.*), the referee concluded that Claimant had a necessitous and compelling cause to retire.

Employer appealed to the UCBR, which reversed. The UCBR found that Claimant admitted that, had he continued to work until age fifty-five, his pension benefits would have been greater than they were as of his retirement in October 2009. Thus, the UCBR concluded that Claimant's pension reduction was not so substantial as to create a necessitous and compelling reason to voluntarily retire. Claimant now petitions for review of that decision.[3]

Claimant first argues that the UCBR improperly based its determination on future circumstances rather than on the facts at the time of his separation. Claimant asserts that he faced a $300–per–month reduction in pension benefits if he did not retire before November 1, 2009, and that this fact alone provided a necessitous and compelling reason to retire on October 30, 2009. We disagree.

■ A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed for the termination. *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 716 (Pa.Cmwlth. 2005). To receive unemployment benefits following voluntary retirement, a claimant must establish that he acted with ordinary common sense in retiring and made a reasonable effort to preserve his employment. *Id.*

■ We agree with Employer that this case is analogous to *Petrill.* In that case, the claimant voluntarily retired based on his belief that he would lose a portion of his health benefits due to ongoing collective bargaining negotiations between his union and his employer. The parties had not yet reached an agreement on a successor CBA as of the date of the hearing. *Id.* at 715–16. The UCBR determined that: (1) the claimant's belief regarding the terms of the successor CBA was based on speculation; and (2) the claimant had the option of continuing to work, thus increasing any amount that would be available to him upon retirement. *Id.* at 716. Therefore, the UCBR concluded that the claimant was ineligible for benefits because he voluntarily terminated his employment without a necessitous and compelling cause.

On appeal, this court agreed, stating:

While we sympathize with [the claimant's] feelings of uncertainty, and the predicament that he believed himself to be in, the fact is that he chose to retire based on speculation rather than on what he actually knew to be true.... The fact that, here, [the claimant], who was represented by a union, chose to retire when he faced merely a *proposal* to erode his health benefit takes this case out of the realm of our decision in *McCarthy v. Unemployment Comp. Bd. of Review*, 829 A.2d 1266 (Pa.Cmwlth. 2003), where the claimant was *in fact* faced with the decision to retire in order to avoid a substantial, unilateral change in an earned health benefit.... Essentially, **the law is that mere speculation about one's future job circumstances, and attendant benefits, without more, does not render a decision to volun-**

---

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

tarily terminate employment necessitous and compelling.

*Id.* at 717 (footnote omitted) (third emphasis added); *see also Pacini v. Unemployment Compensation Board of Review,* 102 Pa.Cmwlth. 355, 518 A.2d 606, 608–09 (1986) (affirming the denial of unemployment benefits where the claimant voluntarily retired before the ratification of a new CBA in order to protect a potential reduction in pension and salary; the proposed reductions were too speculative and insubstantial to create a necessitous and compelling cause); *Duquesne Light Company v. Unemployment Compensation Board of Review,* 62 Pa.Cmwlth. 253, 436 A.2d 257, 259 (1981) (claimant's voluntary retirement on the ground that, under his existing labor contract, his fringe benefits would have been frozen if he worked past age sixty-five was not a necessitous and compelling cause, where the employer's discussions with the union about fringe benefits "were not final decisions, but proposals").

Here, like the claimant in *Petrill,* Claimant voluntarily retired because he believed that his benefits might be reduced as a result of the ongoing negotiations between Union and Employer. However, the referee recognized that the pension figures were speculative, as the pension plan was still the subject of negotiations between Union and Employer. (*See* N.T., 1/14/10, at 16–17; UCBR's Findings of Fact, No. 12.) Likewise, in Gibson's October 20, 2009, letter to Claimant regarding his potential benefits upon retirement, she explained:

> Please note that this document is only an estimate and that your actual benefits may vary from what is reported on this estimate. Many factors are considered in the calculation of your retirement benefits, many of which change frequently. **You should not rely solely upon this estimate when making a decision to retire because your actual benefits may be different.**

(N.T., 1/14/10, Claimant's Ex. 2 (emphasis added).)

Moreover, Claimant, who was only forty-seven years old when he retired, admitted that his pension benefits would have been greater had he worked until age fifty-five and that continuing work was available to him. (N.T., 1/14/10, at 15–16; *see id.* at 29.) Claimant also admitted that the pension he received upon retirement was reduced, in part, because he retired early. (*Id.* at 15.) Under these circumstances, we conclude that there is substantial evidence in the record to support the UCBR's conclusion that Claimant lacked a necessitous and compelling cause to retire on October 30, 2009.

■ Next, Claimant argues that the UCBR's decision violated his constitutional rights. However, because Claimant failed to raise this claim in his petition for review, it is waived. *See Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164, 1168 (1991); Pa. R.A.P. 1513(d).

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of August, 2011, we hereby affirm the July 15, 2010, order of the Unemployment Compensation Board of Review.