IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Rodgers,                          :
                    Petitioner             :
                                           :
        v.                                 :   No. 1372 C.D. 2018
                                           :   SUBMITTED:  October 3, 2019
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                   FILED:  October 29, 2019


        Robert E. Rodgers (Claimant) petitions for review of the September 4, 2018

Order of the Unemployment Compensation Board of Review (Board) affirming the

decision of a Referee to deny Claimant unemployment compensation (UC) benefits.

The Board concluded that under Sections 401(c) and 4(w)(2) of the Unemployment

Compensation Law (Law),[1] Claimant's January 28, 2018 application for UC benefits

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(c) and 753(w)(2).  Section 401(c) of the Law provides that UC "shall be payable to any employe who is or becomes unemployed, and who . . . *[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed* and has made a claim for compensation in the proper manner and on the form prescribed by the [Department of Labor and Industry (Department)]."  43 P.S. § 801(c) (emphasis added).  Section 4(w)(2) of the Law provides:

> An application for benefits filed after the termination of a preceding benefit year by an individual *shall not be considered a [v]alid [a]pplication for [b]enefits* within the meaning of this subsection, *unless such individual has, subsequent to the beginning of*

was not a valid application because Claimant failed to work and earn wages in employment after the termination of his preceding benefit year. For the reasons that follow, we affirm the Board's Order.

## Background

On January 27, 2017, Claimant was furloughed from his position with Tooling Specialists, Inc. (Employer). Bd.'s Finding of Fact (F.F.) No. 1. Claimant filed an application for UC benefits with the local UC Service Center (Service Center) effective January 29, 2017. *Id.* The Service Center found that Claimant was financially eligible for benefits in the amount of $524 per week. *Id.* No. 2. Claimant continued to file bi-weekly claims until his benefits were exhausted. *Id.* No. 3.

Claimant's benefit year ended on January 27, 2018. *Id.* No. 4. Claimant filed a new application for UC benefits with the Service Center effective January 28, 2018. *Id.* Claimant received a Notice of Financial Determination informing him that he was conditionally eligible for benefits in the amount of $327 per week. *Id.* No. 5. Claimant did not work for any other employer after his furlough from Employer in January 2017. *Id.* No. 6.

After filing his January 2018 application for benefits, Claimant contacted the Department on several occasions. *Id.* No. 7. On each occasion, a Department representative instructed Claimant to continue filing bi-weekly claims while his claim was being reviewed. *Id.*

---

*such preceding benefit year and prior to the filing of such application, worked and earned wages in "employment" as defined in this act in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year.*

43 P.S. § 753(w)(2) (emphasis added).

2

On June 22, 2018, the Service Center issued a Notice of Determination, which stated:

> You did not work and earn six times your preceding weekly benefit rate (which totals $3[,]144.00) in the period between your preceding application date and your current application date. Your earnings during this period were $0.00.

Record (R.) Item No. 3. Thus, the Service Center denied benefits because Claimant's January 2018 application was not a valid application for benefits under Section 4(w)(2) of the Law. *Id.*

Claimant timely appealed to the Referee, who held a hearing on July 26, 2018. Claimant appeared *pro se* and testified on his own behalf. Employer did not appear at the hearing.

At the outset of the hearing, the Referee explained to Claimant that he had the right to legal representation, the right to present witnesses and evidence on his behalf, and the right to cross-examine adverse witnesses. Notes of Testimony (N.T.), 7/26/18, at 1. The Referee also explained that the Department denied Claimant's request for UC benefits because it "found that the Claimant had a prior application for benefits" and "since filing that first claim, the Claimant had not earned sufficient monies to requalify for a second claim." *Id.* at 2.

Claimant testified that he has not worked at all since his furlough from Employer in January 2017. *Id.* at 3. After filing his second UC application in January 2018, Claimant received a Notice of Financial Determination "telling [him] how much [he] would get [per] week." *Id.* Claimant then testified:

> [The Department representatives have] been telling -- they kept telling me [to] keep calling in. I [have] one more week -- one more to file this weekend. And then I think that's 25 [weeks]. I think I was entitled to 25 [weeks]. . . . In fact, when I . . . called the last time, they said don't forget

3

to call in in two weeks and then that'll be this Sunday. . . . Every time I would call in to ask about it, they'd say just keep calling in.

*Id.* at 4. When asked why he was appealing the Service Center's decision, Claimant stated, "I feel like I should be able to get [UC benefits], I mean I worked all these years. And I've worked all my life." *Id.* at 3.

Following the hearing, the Referee determined that because Claimant failed to work and earn wages between the filing of his two UC applications, his January 2018 application was not a valid application for benefits under Section 4(w)(2) of the Law. In doing so, the Referee explained that "Section 4(w)(2) is a definition only and benefits cannot be denied under" that section alone. Ref.'s Order, 7/27/18, at 2. As a result, the Referee considered Claimant's eligibility under Section 401(c) of the Law, which requires that a claimant file "a valid application for benefits" as defined in Section 4(w)(2). *Id.* The Referee concluded as follows:

> [C]laimant meets the normal requirements to establish a weekly benefit amount. *However, because [C]laimant filed one claim in January 2017 and then was seeking a second claim in January 2018, he must meet the additional requirement as defined by Section 4(w)(2) [of the Law]. [C]laimant freely admits that he has not worked at all since January 27, 2017. As a result, he does not meet the requirements and cannot establish eligibility.* It is unclear why it took the Department [five] months to give [C]laimant a final determination of his eligibility. That delay simply created false hope and was misleading. Nevertheless, because [C]laimant does not meet the requirements of the [L]aw, his request for benefits must be denied.

*Id.* at 2-3 (emphasis added). Therefore, the Referee affirmed the Service Center's decision as modified and denied Claimant's claim for benefits under Sections 401(c) and 4(w)(2) of the Law. *Id.* at 3.

4

Claimant timely appealed to the Board,[2] which adopted the Referee's Findings of Fact and Conclusions of Law and affirmed the Referee's decision. Claimant now petitions this Court for review.[3]

## Analysis

It is well settled that "[a] claimant has the burden of proving [his] financial eligibility for UC benefits." *Logan v. Unemployment Comp. Bd. of Review*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). Under Section 4(w)(2) of the Law, a claimant filing a subsequent application for UC benefits after the termination of a preceding benefit year must have earned "an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year." 43 P.S. § 753(w)(2). Thus, to be financially eligible for UC benefits, Claimant was required to demonstrate that he earned wages from employment totaling at least $3,144 ($524 x 6) between January 29, 2017 and January 28, 2018.

On appeal, Claimant does not dispute the Board's finding that he failed to work and earn any wages during his preceding benefit year. *See Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (stating that the Board's factual findings are conclusive on appeal unless specifically challenged). Instead, Claimant presents three arguments challenging the equities of the Board's decision, which we address below.

---

[2] In his Petition for Appeal filed with the Board, Claimant averred, "Nobody told me I had to make [$]3,100.00. I really didn't know. You mislead [sic] me 25 week[s] calling in." R. Item No. 9.

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

### 1. Failure to Advise Claimant of Earnings Requirement

First, Claimant asserts that the Department failed to advise him that he needed to work and earn six times his weekly benefit rate to qualify for continuing benefits. According to Claimant, he "was not aware of any law that said he needed to work to earn six times the amount of his weekly benefit[] before he could re-file for continuing benefits" and "[n]o one from the [Department] ever advised [Claimant] that this was a requirement." Claimant's Br. at 6. In essence, Claimant contends that he was inappropriately misled by the Department. We disagree.

We rejected a similar claim in *Egreczky v. Unemployment Compensation Board of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017), wherein the claimant argued that Department representatives gave him incomplete and inaccurate information when he called to inquire about backdating his UC application. In rejecting this claim, we determined that the Department had no duty to explain the intricacies of the Law to the claimant. We explained that "'[t]o impose a duty on the [UC] authorities in each local office to sit down with each and every applicant . . . and fully explain all the possibilities under the [L]aw would render its administration burdensome, cumbersome and utterly impossible to implement.'" *Id.* at 1107 (quoting *Hughes v. Unemployment Comp. Bd. of Review*, 186 A.2d 453, 454 (Pa. Super. 1962)). Thus, we concluded that the claimant's "lack of knowledge" of the Department's regulations was "not tantamount to an error or mistake by the Department." *Id.*

Here, Claimant does not claim that he was misinformed about the earnings requirement or persuaded by a Department representative to refrain from working after filing his initial claim for UC benefits. Nothing in the record suggests, nor does Claimant argue, that he ever asked a Department representative what, if anything, he was required to do in order to qualify for continuing benefits under the Law. As in

6

*Egreczky*, we conclude that Claimant's lack of knowledge in this circumstance cannot be attributed to the Department. *See also Zeller v. Unemployment Comp. Bd. of Review*, 532 A.2d 1284, 1286 (Pa. Cmwlth. 1987) (rejecting the claimant's assertion that he was misled concerning the Law's language and noting that, "of course, [a UC claimant] is presumed to know the law").

## 2. Delay in Issuing Notice of Determination

Next, Claimant argues that we should reverse the Board's decision because the Service Center did not issue its Notice of Determination until five months after he filed his application for benefits, during which time Claimant was repeatedly instructed by Department representatives to continue to file bi-weekly claims. We reject this claim.

Although not cited by Claimant, Section 501(c)(1) of the Law, 43 P.S. § 821(c)(1), requires the Department to "promptly examine" a claim for UC benefits. Section 501(c)(1) states:

> The [D]epartment shall promptly examine each claim for waiting week credit and each claim for compensation and on the basis of the facts found by it shall determine whether or not the claim is valid.

43 P.S. § 821(c)(1). This Section, however, does not establish a time limit for the issuance of a determination, and neither the statute nor our case law defines what amount of time constitutes "prompt" examination of a claim.

Here, shortly after Claimant filed his January 2018 application, the Department issued a Notice of Financial Determination, informing Claimant that he was *conditionally* eligible for benefits. Bd.'s F.F. No. 5; *see* R. Item No. 1. Claimant testified that he received that Notice. N.T., 7/26/18, at 3. Claimant has cited no legal authority, nor have we found any, indicating that five months is an unreasonable

7

amount of time for the Department to investigate a claim, determine its validity, and issue a final determination.[4]

Furthermore, as the Board points out in its brief, the Department's repeated instructions to Claimant to continue filing bi-weekly claims while his application was being reviewed was appropriate under the Department's regulations. *See* 34 Pa. Code § 65.43(a).[5]

### 3. Denial of Benefits Under Section 401(c) of the Law

Finally, in his appellate brief, Claimant argues that the Referee erred in denying benefits under Section 401(c) of the Law because the Service Center did not identify that section of the Law in its Notice of Determination. However, Claimant did not raise this issue in his appeal to the Board, nor did he raise it in his Petition for Review filed with this Court. Therefore, we conclude that Claimant has waived this claim. *See Lewis v. Unemployment Comp. Bd. of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth.

---

[4] *But cf. Ruffner v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1566 C.D. 2016, filed June 22, 2017) (remanding for a hearing and determination as to whether a 19-month delay between the filing of UC application and the Department's determination constituted "prompt" examination).

[5] The regulation at 34 Pa. Code § 65.43(a) states in relevant part:

Claims for compensation shall be filed bi[-]weekly in accordance with this subsection.

(1) The Department will establish a schedule of consecutive 2-week periods for each claimant, and may revise a claimant's schedule as necessary.

(2) At the end of each 2-week period for a claimant, the claimant may file claims for compensations for both of the weeks or a claim for compensation for one of the weeks. The claims or claim shall be filed no later than the last day of the week immediately following the 2-week period.

34 Pa. Code § 65.43(a).

2012); *Oliver v. Unemployment Comp. Bd. of Review*, 29 A.3d 95, 96 (Pa. Cmwlth. 2011).[6]

## Conclusion

Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[6] Even if Claimant had preserved this issue, however, we would conclude that the Referee properly considered Claimant's eligibility under Section 401(c) of the Law. As the Referee noted in her decision, the Notice of Determination cited Section 4(w)(2) of the Law, which is a definitional section. Ref.'s Order, 7/27/18, at 3. Although the Service Center did not specifically identify Section 401(c) as a basis for denying benefits, it clearly stated that its reason for denying benefits was Claimant's failure to "work and earn six times [his] preceding weekly benefit rate (which totals $3[,]144.00) in the period between [his] preceding application date and [his] current application date," R. Item No. 3, which is a basis for disqualification under Section 401(c). This Court has held that a referee may consider issues other than those expressly ruled on by the Department, as long as the claimant is not surprised or prejudiced. *See Sharp Equip. Co. v. Unemployment Comp. Bd. of Review*, 808 A.2d 1019, 1025 (Pa. Cmwlth. 2002); 34 Pa. Code § 101.87. Claimant offers no explanation of how he was prejudiced by the Referee's consideration of Section 401(c) of the Law in conjunction with Section 4(w)(2). Moreover, Claimant does not contest the Board's finding that he has not worked or earned any wages since his separation from Employer in January 2017. Bd.'s F.F. No. 6; *see* N.T., 7/26/18, at 3.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Rodgers,             :
              Petitioner    :
                          :
      v.                 :  No. 1372 C.D. 2018
                          :
Unemployment Compensation  :
Board of Review,             :
              Respondent  :

## **O R D E R**

AND NOW, this 29th day of October, 2019, the Order of the Unemployment Compensation Board of Review, dated September 4, 2018, is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge